Leonard and others *vs.* House.

No. 65.—JAMES C. LEONARD and others, plaintiffs in error *vs.* ABNER M. HOUSE, defendant in error.

[1.] Either party may, by parol, revoke a parol agreement, referring a matter to arbitrament and award, at any time before the award, or before the submission is made a rule of Court.

[2.] It has often been held, that an agreement to refer matters in dispute, to arbitration, is not sufficient to oust the Courts of Law or Equity of their jurisdiction.

[3.] There should be a demand and refusal, before a *mandamus* will absolutely issue ; but if the petition sets forth such demand and refusal, a demurrer thereto admits the same.

Mandamus, in Talbot Superior Court. Decision by Judge CRAWFORD, March Term, 1854.

Abner M. House contracted with the Inferior Court of Talbot county, to build a bridge across Lazer Creek, upon the consideration of $100 paid; and at the completion of the bridge, the payment of " whatever the bridge should be reasonably worth, *or the assessed value of the same, by John Godwin or Asa Bates*". The bridge was built, and House applied for and obtained mandamus *nisi*, requiring the Inferior Court to show cause why they should not pay him $2000, the value of the bridge. Counsel for the Inferior Court moved to quash the mandamus *nisi*, on the ground that the contract, itself, provided a different mode of assessing the value. The Court refused the motion.

This is assigned as error.

L. B. SMITH, for plaintiffs in error.

B. HILL, for defendant.

*By the Court.*—STARNES J., delivering the opinion.

[1.] The contract with Abner M. House was, that the plaintiffs in error, would pay him what the bridge should be reasonably worth, or the value to be assessed by Godwin or Bates.

In our judgment, the effect of such a contract is, that if the parties could not agree upon what the bridge was reasonably worth, the matter should be submitted to the arbitrament and award of Godwin or Bates. And this latter stipulation being in the nature of a parol agreement, to refer the question to arbitration, is of course subject to the incidents of such an agreement. One of these is, the right of either party to revoke the same, at any time before award; or before the submission was made a rule of Court.

It would be the right of either party to revoke such naked authority, even if the submission had been technically formal and complete, and we see not why it should not be so, under the facts presented by this record. *Assignees of Rhodes and Justamond vs. Gratrix*, (7 *East.* 608.)    *Oliver vs. Collings*,

(11. *East* 367.)   *Clapman vs. Higham*, (1 *Bingh.* 87.   *Tidd. Pr.* 823.  824.)

We think, therefore, that looking upon the agreement of the parties to refer the value of the construction of this bridge to the assessment of Godwin or Bates, as a sort of parol submission to arbitrament and award, the course pursued by the defendant in error, as shown by this record, is to be regarded as tantamount to a revocation of this feature in the agreement; and that he has the right to prosecute another remedy.

[2.] It may also be added, that it has been generally held, that an agreement, to refer matters in dispute to arbitration, will not be a good defence to a suit brought, concerning such matters. On this subject, in *Thompson vs. Charnock*, (8 *T. R.* 139,) Lord *Kenyon* says, it has been decided, "again and again, that an agreement to refer all matters in difference, to arbitration, is not sufficient to oust the Courts of Law or Equity of their jurisdiction." See also, *Kill vs. Hollister*. (1 *Wils*, 129.)   On this general principle, thus stated by Lord *Kenyon*, such an agreement does not oust the Court of jurisdiction, if the party appeal to it, as this party has done.

If, then, the defendant in error has revoked his consent to the arbitration, or has sought the jurisdiction of a higher authority, to determine the matter in dispute, he is entitled to ask and have what his work and labor was reasonably worth. And we cannot very far err, when we give to the case a direction which ensures this measure of justice.

[3.] Proof of demand and refusal, in such a case, is necessary, before the mandamus will be absolutely issued, as insisted by the counsel for plaintiff in error.   Such proof, or that which is equivalent to it, we have in this record; for the petition avers demand and refusal; and the demurrer to the proceeding, of course, admits the fact.

Let the judgment be affirmed.