JONATHAN DAVIS, ex'or, &c., plaintiff in error, vs. WILLIAM A. MAXWELL, et al, defendants in error.

An arbitration proceeding under the common law, is revocable by either party to it, at any time before the award.

Application for mandamus, in Lee Superior Court. Decision by Judge ALLEN, at chambers, December 11th, 1858.

This was an application, by the plaintiff in error, to the Judge of the Superior Courts of the South-Western Circuit, for a mandamus to be directed to the defendants in error, as arbitrators, requiring them to set as a Court, and pass upon the following submission :

" GEORGIA, LEE COUNTY.—Articles of agreement made and entered into, this 25th day of August, 1858, between Samuel Lindsey and Jonathan Davis, as executor of Elbert

Heisler, deceased, both of said county. Whereas, certain disputes exist between the said parties, arising between the parties, with reference to certain mutual debts and liabilities, alleged to have existed between the said Samuel Lindsey, and the said Elbert Heisler, in his lifetime, and which it is alleged have never been settled, liquidated, or otherwise disposed of, or arranged. For the purpose of satisfactorily adjusting such differences, it is agreed by the said parties that the matters in dispute between them, touching said mutual liabilities and debts, be submitted to William A. Maxwell and Edward V. Monroe, both of said county, as arbitrators; that the said arbitrators be empowered, at any day they may choose, after the signing and sealing of these presents, and after selecting an umpire, to meet for the purpose of arbitrating and passing upon said points in dispute, giving at least three days notice, in writing, to each of said parties, of the day and place of such meeting; that it shall be competent for such arbitrators at such meeting, to examine any evidence that may be offered to them by either party, or their attorneys, in such a manner as may seem to them most conducive to justice in relation to said matters in dispute; the said parties themselves not to be sworn as witnesses, nor give in any testimony during the progress of said arbitration; and after hearing all the testimony, the said arbitrators and the said umpire may, and shall proceed to make up their award in writing, signed and sealed, which said award shall be made final and conclusive forever upon the said parties, in regard to the matters in dispute, as above stated; that it shall be the duty of the party in whose behalf the said award shall be made, to demand compliance with, and a performance of, the same in writing, at least thirty days before instituting suit upon the award so made, or upon this agreement. It is further agreed, that this agreement be delivered to said arbitrators, to be by them delivered, together with the award by them made, to the next Superior Court for said county. In witness whereof, we have

hereunto set our hands and seals, the day and year above and before written.

(Signed)                    SAMUEL LINDSEY, (L. S.)
                            JONATHAN DAVIS, (L. S.)
    Executor on the estate of Elbert Heisler, deceased.
Signed and sealed in the presence of
KITRELL J. WARREN, N. P., for Lee county.

The arbitrators named in the foregoing submission, se-lected Samuel C. Wyche as umpire; and they, and the said Wyche, having been sworn in conformity to the arbitrators Act of 1856, postponed the hearing of the case, until the 8th day of October, 1858. When the arbitrators met in pursu-ance to their adjournment, Samuel Lindsey, by his attor-neys, stated his intention to withdraw from the submission, on the ground, that the proceeding was not in comförmity to the statute of the State of Georgia regulating arbitrations ; and that Jonathan Davis had no authority, outside of said statute, to submit the rights of his *cestui que trusts* to arbi-tration. The arbitrators decided to allow the withdrawal of Lindsey, and to dismiss the whole proceeding from their con-sideration, unless the articles of submission were so amend-ed as to conform to the aforesaid statute. Counsel for Davis refused to amend, and sued out a mandamus, to compel said arbitrators to sit as a Court, and pass upon said sub-mission.

The motion for mandamus, was by consent of the parties, heard before Judge Allen, at chambers, in Albany, and was by him refused; and counsel for Davis excepted.

McCay & Hawkins, for plaintiff in error.

Vason & Davis, *contra.*

*By the Court.*—Benning J. delivering the opinion.

Was the Court right, in refusing the mandamus ?

It is certain, that the Court was right, if Lindsey had the power to revoke the submission; or, if mandamus does not lie. to compel arbitrators to act.

Lindsey had the right to revoke the submission, if the case was an arbitration governed by the common law, and, not one governed by the arbitration Act of 1856.  *Russ. Ark.* 147.  And the arbitration was one governed by the common law, for it was not made under the act of 1856.  This is apparent from the fact, that the submission disregards that Act, in several important particulars.  That act requires, that the submission shall contain, "a clear and accurate statement of the matters in controversy submitted."  This submission contains no such statement—it contains no statement at all, of those matters.  That Act provides, that each of the parties may be sworn, as a witness; this submission stipulates, that neither party shall be sworn, as a witness. That Act requires, that the award shall be returned to the Superior Court next after the making of it; and, shall be made a judgment of that Court; and be enforced as a judgment of that Court; this submission provides, that the successful party shall, before sueing on the award, or on the submission, give thirty days notice to the other party—which provision would be absurd, if the award had already been made a judgment of the Court, to be enforced as a judgment.

The case then being governed by the common law, and, not by the statute of 1856, Lindsey had the right to revoke the submission.

This being so, there was no case for a mandamus, and, therefore, it becomes unnecessary to decide the other question—the question whether mandamus lies to arbitrators. And we do not decide it, but we do say, that we are rather inclined to think, that mandamus does not lie to arbitrators.

Judgment affirmed.

McDONALD J. absent.