McCrary v. Harrison.

36  577
108  122

## McCRARY vs. HARRISON.

[MOTION TO SET ASIDE STATUTORY AWARD.]

1. *Requisites of award.*—A decision by arbitrators, after an examination of the books submitted by the parties, ascertaining a balance in favor of one of the parties, but reserving to themselves the power to make alterations and corrections on the suggestion of errors by the parties within a specified time, has not the finality requisite to an award.

2. *Same.*—Where three arbitrators are selected by the parties, under a statutory submission, (Code, §§ 2710–13,) an award signed by two of them only, in the absence of the third, and without notice to him, is, *prima facie,* void; and the fact that the one who was absent dissented from the conclusion attained by the others, on a former day, as the basis of their final award, instead of excusing the omission to notify him, shows the greater necessity of notice.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THE parties to this case, P. R. McCrary and L. C. Harrison, having a controversy respecting the settlement of a mercantile partnership which had existed between them, entered into a written agreement, under seal, dated the 23d September, 1857, to submit the matters in dispute to the arbitrament of R. A. Baker, B. J. Harrison, and R. H. Crosswell; the award to be entered up as the judgment of the circuit court, under the provisions of the Code. Two of the arbitrators having made an award, the same was filed in the office of the circuit clerk, who thereupon issued an execution against McCrary, for the sum ascertained to be due from him to Harrison. At the next en-

suing term of the court, McCrary moved to quash the execution, and to set aside the award, on the following grounds: "1st, that said award is illegal and void on its face; 2d, that the arbitrators had no authority to render said award; 3d, that the authority to render the award was revoked, and notice thereof given to the arbitrators and said Harrison, before the making of said award; and, 4th, that said award is without authority, irregular and void." On the trial of this motion, the only evidence before the court being the submission, the award, the execution, and the statement of a witness tending to show a revocation of the submission by McCrary, the court overruled the motion, and refused to suppress the award; to which McCrary excepted, and which he here assigns as error.

The award was in the following words:

"Summerfield, Ala., Dec. 14, 1857.

"We, the undersigned, arbitrators, acting under an arbitration bond, signed by L. C. Harrison and P. R. McCrary, dated the 23d September, 1857, do hereby certify, that upon an examination of the papers submitted to us by A. Sexton, who was appointed accountant by us, the following statement is substantially correct—viz., the balance of the amount paid by L. C. Harrison, over the amount received by him from the firm, with interest thereon to the 1st January, 1858, is $10,723 69; and we find P. R. McCrary indebted, of this amount, for his store account, $3,348 51; also, one-half the deficit of the business, $2,419 06; which makes the total indebtedness of P. R. McCrary to L. C. Harrison, $5,767 57, due the 1st January, 1858; the notes and accounts uncollected, and the furniture jointly owned by them, to be divided by them in such manner as may be agreed upon between themselves. Now, this decision is made with the distinct understanding by said Harrison and McCrary, that P. R. McCrary shall be entitled to the books and papers of the firm, until the 1st day of April next, at which time he shall deliver them up to any one of the arbitrators, at Summerfield, with the privilege of pointing out any er-

rors which he may detect, and submit the same in writing; after which time, L. C. Harrison shall be entitled to the same privilege, until the 1st June, 1858; after which, at such time as the arbitrators shall find convenient, they shall meet and decide the same, which shall be binding upon both parties. Given under our hands the day and date above written."

(Signed by R. A. Baker and R. H. Crosswell.)

"May 4, 1858. The undersigned, arbitrators, acting under and by virtue of an instrument in writing, executed by L. C. Harrison and P. R. McCrary on the 23d September, 1857, submitting certain matters in dispute between them to the arbitrament of the undersigned and B. J. Harrison; which matters, after the arbitrators were first duly sworn according to the law in such cases provided, we did, on the 14th December, 1857, proceed to hear and determine, after first having given more than three days previous notice of the time and place for hearing the parties, and did then and there render the above and foregoing conditional award, (they being present during the trial;) and now, at this day, the said P. R. McCrary having failed to file any exceptions to said award, or to present to us any result whatever, after examining the books within the time prescribed therein, but has only given us notice that he will not abide by such award; and the said Harrison having, in our presence, waived his right to file any exceptions to said award,—we do now proceed to make said award final and conclusive upon the parties, and do award and decide, that said P. R. McCrary pay to the said L. C. Harrison the sum of five thousand seven hundred and sixty-seven 57-100 dollars, with interest from the 1st day of January, 1858; and that the uncollected notes and accounts of said firm, and the furniture jointly owned by them, be divided between them; and that both parties pay each one-half the costs in this proceeding; and that a copy of the award be served on each of the parties. The undersigned, in connection with B. J. Harrison, acted together with unanimity, until the 14th December last, at which time said Harrison declined to

sign the foregoing decision. Witness our hands and seals, this 7th day of May, A. D. 1858.

(Signed by R. A. Baker and R. H. Crosswell.)

PETTUS, PEGUES & DAWSON, with ALEX. & JNO. WHITE, for the appellant.

BYRD & MORGAN, *contra.*

A. J. WALKER, C. J.—No final decision was made by the arbitrators on the 14th December, 1857. The conclusion then expressed, after examination of the papers submitted, was expressly made subject to future alterations, upon the suggestion of errors by the parties. It was not an award. There was an express reservation of authority over the subject of arbitration. The matter remained *sub judice*. A valid award must finally dispose of the questions submitted. The reservation of authority by arbitrators is inconsistent and irreconcilable with the idea of an award.—Watson on Awards, 216, 230 ; Russell on Arbitrators, 272, 252, 268.

[2.] On the 14th December, 1857, the arbitrators appointed the 1st April, 1858, as the time at which the appellant should deliver the books and papers of the partnership, which were left with him, and submit a written statement of such errors as he might detect. The arbitrators do not seem to have taken any action on that day; but subsequently, on the 4th May, 1858, two of the arbitrators rendered a final judgment. This judgment does not appear to have been rendered either with the knowledge of, or after notice to the third arbitrator. It is simply stated that the third arbitrator declined, on the 14th December, to sign the written conclusion then expressed. We pass by, without deciding, the question whether a majority of the arbitrators chosen by the parties, with a view to their action under chapter 9, title 2, part 3, of the Code, can proceed at all in the absence of the rest, until their places are supplied, as provided in section 2713 of that chapter. But, conceding that they may, it is certain that the majority could not meet and adjudge the matter of controversy, without giving notice

McCrary v. Harrison.

to the remaining arbitrator, and affording him an oppor-
tunity to be present and participate in their deliberations.
The parties stipulate for the counsel and capacity of all
the arbitrators; and it is as irreconcilable with reason and
justice, as it is with the authorities in the law, that a part
of the arbitrators should proceed to a final judgment,
without notice to the rest.—Dalling v. Matchet, Willes,
215; Russell on Arbitrators, 208, 210, 160, 161; Watson
on Awards, 73; Cumberland v. North Yarmouth, 4 Green-
leaf, 459; Short v. Pratt, 6 Mass. 496; White v. Sharp,
12 M. & W. 711; Henderson v. Burkley, 14 B. M. 292;
McInroy v. Benedict, 11 J. R. 402; Goodman v. Sayre,
J. & W. 261; Tusc. Bridge Co. v. Jemison, 33 Ala. 476.
The fact that there was a previous dissent on the part of
the absent arbitrator from the opinion of the majority,
afforded no reason for an omission to notify him. The
importance of his presence was rather increased by that
fact. Peradventure, he might have convinced his co-
arbitrators of their error. The presence of all the arbi-
trators, or an opportunity to be present, was requisite as
long as the case remained under consideration. As that
which was done on the 14th December, 1857, was not a
final disposition of the subject of arbitration, the presence
of the third arbitrator, or a notification to him, was indis-
pensable.

In the absence of any recital in the award that the third
arbitrator had notice or was present, and of all evidence
of such fact, it is impossible to affirm the judgment of
the court below. The award was, at least *prima facie*, void.

Judgment reversed, and cause remanded.