WILLIAM C. CHERRY, plaintiff in error, *vs.* WILLIAM T. SMITH, defendant in error.

A submission by parties litigant of the matters in suit to seven arbitrators to be afterwards chosen by one of the parties, though an order of the court be also taken to that effect, is not a statutory submission, and may be revoked before an award is made.

Arbitrament and award. Revocation. Before Judge JAMES JOHNSON. Harris Superior Court. October Term, 1873.

There were three cases pending in Harris superior court between the above parties. On April 16th, 1873, by written agreement, they submitted the matters in controversy to the arbitrament of seven persons to be selected by William C. Cherry. An order of the court was taken in accordance with said submission. Seven arbitrators were selected, who made an award. Upon motion being made to make the award the judgment of the court, it was objected by Smith that he had revoked his assent to said arbitrament before the submission was delivered to the arbitrators. The court sustained the objection, and Cherry excepted.

JAMES M. MOBLEY; CHARLES H. WILLIAMS; R. A. RUSSELL, by JAMES M. RUSSELL, for plaintiff in error.

L. L. STANFORD, for defendant.

TRIPPE, Judge.

The agreement or submission, if indeed it was a submission at all, was as follows:

"STATE OF GEORGIA—HARRIS COUNTY.

"Whereas, there exists between the undersigned a matter of controversy arising out of a mill business lately carried on under the name of W. C. Cherry, in Harris county, in which controversy both of the undersigned claim the indebtedness of the other, and also arising out of said controversy three suits now filed in Harris superior court, to-wit: one of W. C.

Cherry *vs.* William Smith, another *vs.* William Smith, and one of William Smith *vs.* W. C. Cherry, all of said suits being now in suit in said court, and arising out of said mill business. And whereas, the undersigned prefer to submit said matter of controversy to arbitrament of arbitrators rather than said suits may continue in court, and have therefore determined to submit the same to the judgment and award of seven persons, who are to reside in Harris county, and to be chosen by said W. C. Cherry, and must meet at such time and place as the arbitrators may select. This April 16th, 1873.

"W. C. CHERRY,

"WILLIAM T. SMITH,

"N. VAROMAN,

"Z. C. McLEROY."

An order of the court was taken, reciting that the parties having signed a submission leaving the arbitrators to be selected by William C. Cherry, it is ordered that the said matters be referred to and submitted to said persons to be selected by W. C. Cherry.

There is nothing showing the selection of the seven arbitrators by any one. Seven persons met on the 17th June, 1873, and took an oath, reciting that whereas said matters had been referred to them at the April court of Harris county, they would impartially determine the same, etc. Then comes the award, signed by said seven persons, stating in the award that said Smith notified them that he would not appear before them, but withdrew from the arbitration. When the motion was made to make the award the judgment of the court, the objection was offered that Smith revoked his assent to submit the matters in controversy to arbitration, and did so before the submission was given to the arbitrators. Evidence was introduced on this point, and the court, holding that the objection was proven, refused the motion. We think the court was right. It was not a statutory submission, and was revocable: *Davis vs. Maxwell,* 27 *Georgia,* 368; Russ. on Arbitration, 147. See *Crane, administrator, vs. Barry,* 47 *Georgia,*

476, as to the right of a party to have an award made the judgment of the court. The order of the court referring the matters in controversy to such arbitrators as might be chosen by Cherry, one of the parties, under the submission, did not affect the right of Smith to revoke. · What might be the effect of a rule of court taken by consent of parties submitting such matters as are in controversy in court to referees specified in the order, is one thing; an order that they be referred to persons to be selected by the parties, or by one of the parties under an agreement between them, is another and a different question. If the right of revocation existed before the order was taken, it was not taken away by an order containing the terms that this did. There is strong authority for the position that an agreement to submit to arbitration when an order of court is taken accordingly and in the usual terms, may still be revoked, and the remedy is an action for damages against the revoking party, or he may be punished for a contempt. We do not say what the remedy would be in this case, but we do not think that under the facts of this case there was error in the court's refusing to make the award the judgment of the court.

Judgment affirmed.