## HARRELL v. TERRELL.

Although either party to a common-law submission to arbitration may, at any time before a final award is made, revoke his consent to the submission, he is not at liberty to question the validity of an award published after he had made known to the arbitrators his election to with-

draw from the arbitration, if he subsequently accepted benefits under the award which he was not entitled to claim independently thereof.

Submitted March 3,—Decided May 14, 1906.

Certiorari. Before Judge Mitchell. Berrien superior court. June 22, 1905.

*J. J. Murray,* for plaintiff in error.

*Fulwood & Boatwright,* contra.

EVANS, J. Noah Terrell was a tenant of Richard Harrell, and at the instance of the tenant a receiver was appointed for the crop raised by the tenant. The receiver, the tenant, and the landlord agreed to a parol submission to arbitration of all the matters in controversy between the landlord and the tenant. The receiver, acting for himself and the tenant in pursuance of the agreement to arbitrate, selected an arbitrator, and the landlord selected an arbitrator, and these two arbitrators agreed upon an umpire. The arbitrators appointed a time and place for the hearing of the matters submitted to them. The parties appeared and submitted their respective contentions, and one of the arbitrators and the umpire signed an award to the effect that the landlord, Harrell, was indebted to the tenant, Terrell, in the sum of $116.87, and $6 costs of the arbitration. One of the arbitrators refused to sign this award. Upon Harrell expressing dissatisfaction with their action, the arbitrators consented to allow Harrell to submit, upon the following morning, further proof as to certain items of account against the tenant, with the understanding that the amount of the award would be reduced by such items as the arbitrators should allow. Instead of submitting the additional proof which the arbitrators had agreed to consider, Harrell, on the next morning, notified one of the arbitrators and the umpire that he would have nothing more to do with the arbitration. The arbitrators then published the award found by one of them and the umpire upon the previous evening. Subsequently the receiver, thinking that the award settled the differences between the parties, delivered the crops in his hands as receiver to Harrell, who gathered the crops and appropriated them to his own use. Suit was instituted upon this award, in the county court, and, upon the foregoing facts appearing, judgment was rendered in favor of Terrell for the amount stipulated in the award. Harrell sued out a certiorari to the superior court, and upon the hearing thereof it was overruled. Exception is taken

to the judgment overruling the certiorari, upon the ground that it was contrary to law and the evidence.

This was a common-law submission to arbitration, as provided for in the Civil Code, §4476. An essential element in. every valid award is that it must finally determine all the matters embraced in it, otherwise it is void; it is in the nature of a judgment, and must finally decide all matters submitted, so as to conclude any further controversy. If, after a decision by the arbitrators ascertaining a balance in favor of one of the parties, the arbitrators reserve to themselves the right to receive further evidence from the losing party in reduction of the amount, the award is not final. McCrary *v.* Harrison, 36 Ala. 577; Hooker *v.* Williamson, 60 Tex. 524; 3 Cyc. 696; Morse on Arbitration, 388. Until a common-law award has been made final by its publication by the arbitrators, the submission is still pending, and may be revoked at any time by either of the parties. *Davis* v. *Maxwell,* 27 *Ga.* 368; *Cherry* v. *Smith,* 51 *Ga.* 558. "Either party may, by parol, revoke a parol agreement referring a matter to arbitrament and award, at any time before the award or before the submission is made a rule of court." *Leonard* v. *House,* 15 *Ga.* 473. It was within the power of the landlord to revoke the submission after the arbitrators had agreed that the award which was found against him might be reduced in amount by proof to be submitted on the following morning; and his statement to the arbitrators that he would have nothing further to do with the arbitration proceedings was tantamount to a revocation of the submission. Notwithstanding this revocation, the arbitrators published the award upon the refusal of the landlord to submit further proof according to the previous understanding. The award rendered under these circumstances was not binding upon the landlord. However, it appears that the receiver, acting upon the supposed finality of this award, delivered to the landlord possession of the crops in his custody as receiver, which crops the landlord gathered and appropriated to his own use. The landlord could have ignored the award of the arbitrators, because of his revocation before its publication. Instead of treating it as a nullity, however, he accepted from the receiver a surrender of the property in the hands of the latter, made in pursuance of the award. The landlord is accordingly estopped from questioning its validity. *Perry* v. *Mulligan,* 58 *Ga.* 479; *Neal* v. *Field,* 68 *Ga.* 534, 72 *Ga.*

201. "Receipt by one party of that which is awarded to such party will estop that party from refusing to comply with the award in favor of the other party on the plea of illegality or irregularity in the award." *Pike* v. *Stallings,* 71 *Ga.* 861. The landlord having accepted a benefit under the award which he was not entitled to claim independently thereof, he was not in a position to deny his indebtedness to the tenant as found by the arbitrators, and the court below properly declined to set aside the judgment in favor of the tenant, rendered in the county court.

*Judgment affirmed. All the Justices concur.*