# Whitman, *et al. v.* Bartlett.

## *Assumpsit.*

(Decided May 14, 1908.    Rehearing denied June 18, 1908.
47 South. 972.)

1. *Arbitration and Award; Award by Majority.*—Where the submission to an award was not in writing it was a common law submission and under the common law the award must be the award of all the arbitrators in the absence of an agreement to the contrary. Such is not the fact if the arbitration is a statutory arbitration. Secs. 510-512, Code 1896.

2. *Joint Adventure; Existence.*—For one to recover his share of profits made in a joint adventure, he must show that there was a contract between him and the others; it is not enough that he was interested in a fund used by the others in such transactions without his authority.

3. *Same; Evidence.*—To authorize recovery of profits from a joint adventure, it must be shown not only that plaintiff was interested in the deal, but what his interest was; and this is not done by showing previous transactions in which he was interested, in each of which his interest was different.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. H. Bartlett against E. F. Whitman and others for money had and received. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The defendants filed the general issue and the following special plea: "That on August 18, 1904, all the matters involved in this suit were by verbal agreement submitted by plaintiff and defendants to the arbitration of D. R. Morton, J. B. Martin, and V. A. Claburn, and that on said date, after the hearing by the full board of arbitrators of the testimony offered by the parties in reference to said matters and a consideration of the same by the full board, a majority of said arbitrators, to wit, said D. A. Morton and the said J. B. Mar-

tin, while the other arbitrator was present, did make and render an award, finding and adjudging that there was nothing due by these defendants to the plaintiff for and on account of matters embraced in this suit, which said award is hereto attached and made a part of this plea. And defendants aver that the other arbitrator, the said V. A. Claburn, declared that, in his judgment, a decision for some amount should be rendered in favor of plaintiff; that said Morton and Martin announced their decision and wrote it out, and requested said Claburn, who was then and there present and participated in the deliberation of said board, to sign the same, and he declined to do so, whereupon said Morton and Martin signed the award hereto attached and delivered same to defendant."

The award is as follows: "We, the undersigned, having been selected to settle a difference between E. F. Whitman, R. R. McClesky, and W. H. Bartlett, after considering all the evidence before us, decide as follows. That owing to the fact that the evidence does not show the existence of a running contract, and tends to show that there were three district, and only three, contracts, W. H. Bartlett has received all moneys due him on said cotton contract of 1903. [Signed] D. A. Morton. J. B. Martin." Indorsed: "Filed Oct. 13, 1905. Thomas J. Hinds, Clerk of Circuit Court."

Demurrers were interposed to this plea as follows: "(1) Said plea fails to show action on the part of the arbitrators. (2) Said plea fails to show an award by the arbitrators chosen to arbitrate the matter in front of them. (3) Said plea fails to show an award made by the arbitrators while sitting as a board of arbitrators. (4) Said plea fails to show a complete and full award, which bars plaintiff's right of action. (5) Said plea fails to show an award by all the arbitrators."

The testimony tended to show that on January 26, 1903, 200 bales of New York cotton were bought and margin deposited, and a profit realized of $210; on February 11, 1903, 300 bales of July New York cotton was bought, and a profit of $450 realized under this contract; on February 24, 1903, 500 bales of July New York cotton was bought, and a profit realized on this transaction of $500; that on February 26, 1903, 100 bales of New York cotton was sold, and this trade was closed by a purchase of the same amount of May cotton, realizing a profit of $30; that on March 4, 1903, 100 bales of July New York cotton was bought, and on the same day 500 bales of July New York cotton was bought, and both of these transactions closed by a sale of 600 bales, realizing a profit of $230. These various transactions were in the name of W. H. Bartlett; one Claude Harper signing the telegrams and giving instructions in reference to the several transactions. These transactions together showed a net profit of $1,520, which, with the margin aggregating $610, showed a credit on the books of Cothran & Co., in favor of Bartlett, of $2,130, which was closed by a check sent to Harper and by him turned over to McClesky and Whitman. Of this amount Bartlett received $410. It further appeared that plaintiff got no money until all the transactions were closed, when he received the sum of $410 as his share of the profits. The plaintiff's testimony further showed that he was not told of the 500-bale transaction of February 24th, on which was realized a profit of $500; that he first learned of this transaction from another source, and that when McClesky was asked about it, and when plaintiff had inquired why he had been sidetracked and trades had been made without letting him know it, McClesky replied that he and Whitman had made a little profit of $500 to recuperate from losses

that they had sustained. It further appeared that the only trade which plaintiff knew of that he was interested in was a half interest in the 200-bale purchase, a third interest in the 300-bale purchase, and an interest in 100 bales of the 600-bale purchase.

STREET & ISBELL, for appellant. The award was good, although not submitted in writing.—Sec. 508, Code 1896; *Western Ry. Co. v. Hall,* 112 Ala. 324; *Edmundson v. Wilson,* 108 Ala. 118. In order to recover plaintiff must not only show that he was interested in the deals, but must show what that interest was—27 Cyc. 854. The verdict was excessive as to Harper, and new trial should have been granted.—*Burton Lbr. Co. v. Wiley,* 108 Ala. 673. Counsel discuss refused charges, but without citation of authority.

GOODHUE & BLACKWOOD, for appellee. The arbitration was a common law arbitration, and required the concurrent assent of all the arbitrators.—3 Cyc. 651; *Cope v. Gilbert,* 4 Den. 347; *Lorenzo v. Deering,* 26 Hun. 447; *Green v. Miller,* 6 John. 39. Counsel discuss the other assignments of error, but without citation of authority.

ANDERSON, J.—While the statute encourages arbitrations (section 508 of the Civil Code of 1896), and section 512 authorizes an award by a majority, this last section applies to statutory, and not common-law, arbitration and award, which said later arbitrations are recognized and regarded by section 523 of the Civil Code of 1896. The arbitration set up in the defendant's special plea 2 was not a statutory arbitration and award, as section 510 requires that the submission must have been in writing. It was at most a common-law submis-

sion for arbitration, and did not present such an award as would be binding under the common law, as it was not the award of all the arbitrators, but of a mere majority. It seems to be the general rule in all jurisdictions, with perhaps the exception of Louisiana and South Carolina, that under a submission to a number of arbitrators, without the expression of an intention that a majority or less than the whole number may exercise the power conferred, it is necessary to the validity of the award that all the arbitrators should concur. 3 Cyc. 651, and cases cited in note 96; *McCrary v. Harrison,* 36 Ala. 577. The plea does not set up any facts showing that it was within the contemplation of the parties that there should be a majority, instead of a unanimous, award, and the trial court did not err in sustaining the demurrer to same.

The plaintiff, after the close of the evidence, asked for a recovery under the first count alone, thus grounding his right of recovery to the 500-bale deal of February 24, 1903. In order for the plaintiff to recover a share of the profits made under said deal, there must have been a contract between the parties, express or implied. That he was interested in a fund, which was used by the defendants to margin the transaction, and which was so used without his authority, did not suffice. Nor does the plaintiff's evidence show such a contract with the defendants as will enable him to claim any part of the fruits. He admitted, on cross-examination, that there was no agreement as to the interest he should have in the contract, and the previous deals cannot be looked to to determine this fact, as he had a different interest in each of them. In order to recover, it was incumbent upon the plaintiff, not only to show that he was interested in the deal, but he must show what interest he had. 27 Cyc. 854.

[Planters & Merchants Independent Packet Co. v. Webb.]

The trial court erred in refusing the general charge requested by the defendants, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.