## 21133. McDONALD v. SCHOFIELD.

ARGUED JANUARY 10, 1961—DECIDED FEBRUARY 9, 1961.

*John E. Feagin, Thomas L. Slappey,* for plaintiff in error. *J. C. Savage, Ferrin Mathews,* contra.

ALMAND, Justice. The order under review is one sustaining the general demurrer and three special demurrers to a petition seeking to require, by writ of mandamus absolute, the defendant, in his official capacity as Chief Plumbing Inspector of the City of Atlanta, to register the plaintiff as a plumbing contractor.

The petition is in two counts. Count 1 as originally brought alleged: Under the ordinances of the City of Atlanta, before one could engage in the business of a contracting plumber in the city,

he had to register with the defendant, the Chief Plumbing Inspector and have a certificate issued to him. In order for him to obtain a license or permit from the city clerk to engage in such business, it was necessary to obtain a certificate of registration; Under a part of the act of 1951 (Ga. L. 1951, p. 3005) approved March, 1951, relied on by the plaintiff, it was provided: "When the corporate limits of the city are extended so as to include therein businesses, professions and trades previously licensed by the governing authorities of the county, such licenses shall have the same dignity and standing as if they were in the first place issued by the governing authorities of the City of Atlanta. For example, it shall not be necessary for a plumber or electrician, who is then engaged and licensed to be engaged in such business by the county, to take an examination and secure a new license from the city." At the time the act became effective, the plaintiff held a certificate as a master plumber or contracting plumber from Fulton County, and was then engaged in business as a contracting plumber in said county. Though, under the ordinances of the city, before he could register and engage in the business of a contracting plumber in the city of Atlanta, he was under its ordinances required to pass an examination and receive a certificate of proficiency, he was, under the act of 1951, entitled to receive a certificate of registration from the defendant because he held a license from Fulton County. His demand for a certificate of registration, based upon his county license, had been refused.

Count 2 seeks the same relief as count 1, but attacks various ordinances of the city which regulate the licensing of plumbers as being violative of certain provisions of the Constitution. This count does not allege that a demand had been made upon the defendant to register the plaintiff and a refusal by the defendant to register him.

■ Count 1 of the petition as originally brought alleged that, in March, 1958, the city of Atlanta annexed certain territory, a part of Fulton County, and that at that time the plaintiff held a license from the Plumbing Board of Fulton County "as a contracting plumber and as a journeyman plumber and was doing work in Fulton County, Georgia, when said territory was an-

nexed to the corporate limits of the city of Atlanta, having customers in said area." However, the court sustained the defendant's special demurrer to the paragraph containing these quoted allegations, with leave to amend. The plaintiff did not amend, and no error is assigned on this ruling. The petition does not allege that the plaintiff resided or was engaged in the business of a plumber in the territory annexed at the time of its annexation. The petition is wholly silent as to where the plaintiff resided or where his place of business was located. The allegation in his petition that, prior to the date of annexation, he executed one contract in the area that was subsequently annexed is not sufficient to allege that he was engaged in the business of a plumbing contractor on the date of annexation in this area.

The statute (Ga. L. 1951, p. 3005) provides that, when the corporate limits of the city of Atlanta "are extended so as to include therein businesses, professions, and trades" previously licensed by the county, they shall have the same dignity as if they had been issued by the city, and it would not be necessary for a plumber who is *then engaged* and licensed to engage in the business of a plumber to secure a new license from the city.

The words "therein" and "engaged" in the statute show that it was the intent of the legislature that, where the city limits were extended to include territory in which a plumber was "engaged" in his trade "therein" at the time of annexation, such plumber holding a county license could engage in his trade within the total territorial limits of the city with obtaining a city license, but did not intend to allow a plumber holding a county license to follow his trade in the city because his county license had given him the *right* to engage in the business as a plumber in the area annexed to the city. We do not agree with the contention of the plaintiff that the act of 1951 does not require a plumber licensed by the county to be engaged as a plumber in the area at the time of its annexation, but means that, if he had the right to engage in his trade in the area, he would have the right to require the city to recognize his license to carry on his trade in the city as a whole. This contention, if carried to its logical conclusion, would mean that, if the city annexed a small area consisting only of vacant land, and no business professions or trade were located

therein, the plaintiff and all other plumbing contractors licensed by the county would be entitled to pursue their business in the entire city merely because, prior to the annexation, they had the *right* under the county license to engage in their business in this small area.

Since the plaintiff's right to require the defendant to register him as a contracting plumber is based solely on the 1951 act, and since we have ruled above that he cannot claim any right to register under this act, it follows that the court did not err in sustaining the general demurrer to count 1 of the petition.

■ One of the essentials to a petition for a writ of mandamus seeking to compel a public official to perform a duty alleged to be due the plaintiff as a matter of right is that it be alleged that a demand has been made upon the defendant officer and that he has refused the demand. *Leonard v. House,* 15 Ga. 473; *Ficklen v. Mayor &c. of Washington,* 141 Ga. 441 (81 S. E. 123) ; *Dunn v. Campbell,* 146 Ga. 226 (91 S. E. 84). Count 2 is wholly silent as to whether there was a demand and refusal. For this reason alone, it was not error to sustain the general demurrer as to this count.

The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*