## 41014. REGISTER et al. v. HERRIN.

HALL, Judge. This case was transferred to this court from the Supreme Court. *Register v. Herrin,* 220 Ga. 223 (138 SE2d 169). It involves a boundary line dispute between adjoining landowners and was submitted to arbitrators under a stipulation entered into between the parties and made the order of the court, wherein three named surveyors were appointed to establish the boundary line. The stipulation provided that questions of payment for the survey, mesne profits, etc., should be submitted to a jury. The appointed surveyors filed in court their written report and survey plat. The plaintiff filed a motion repudiating and excepting to the findings of the surveyors, and moving that the issues be presented to the jury. The trial court overruled this motion. Upon the verdict of the jury the court entered a judgment establishing the boundary line designated on the plat as the boundary between the parties' property. The plaintiff made a motion for new trial which the court overruled. In this court the plaintiff assigns error on the judgments overruling his motion repudiating and excepting to the surveyors' findings and overruling his motion for new trial. *Held:*

The general rule is that, when a case has been submitted to a common law arbitration, until the award has been made final by its publication by the arbitrators, the submission is still pending, and may be revoked at any time by either of the parties. *Harrell v. Terrell,* 125 Ga. 379, 381 (54 SE 116); *Davis v. Maxwell,* 27 Ga. 368; *Cherry v. Smith,* 51 Ga. 558.

However, where a submission to arbitration in a pending action is made under a rule or order of court, whether pursuant to statute or otherwise, it cannot be revoked by a party without leave of court. *Leonard v. House,* 15 Ga. 473; *Harrell v. Terrell,* 125 Ga. 379, 381, supra; 5 Am. Jur. 2d 552, § 43; 6 CJS 175, § 33 (d). Under such circumstances the granting of leave to revoke rests within the sound discretion of the trial court. Heritage v. State, 43 Ind. App. 595 (88 NE 114); 6 CJS 175, § 33 (d). In *Cherry v. Smith,* 51 Ga. 558, supra, relied on by the plaintiff, the court order sanctioning the arbitration did not name and appoint the arbitrators and therefore did not prevent revocation by one of the parties. In the present case an action had been filed and the issue of the boundary line was submitted to arbitrators by agreement of the parties made the order of the court, in which the arbitrators were specifically named and appointed. The trial court did not abuse its discretion in denying the plaintiff's motion to repudiate the findings of the arbitrators. The cases cited by the plaintiff do not support his position that the trial court was required to grant his motion to repudiate and to submit all the issues to the jury.

The trial court did not err in the judgments overruling the plaintiff's motions to repudiate and for a new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

Decided November 30, 1964.

*Albert E. Butler,* for plaintiff in error.
*Zorn & Royal, William A. Zorn,* contra.