No. 106.—WILLIS WOOD, plaintiff in error, vs. MILLY McGUIRE's Children, defendants in error.

[1.] Where the continuances of the party have been exhausted, it is at the discretion of the Court whether it will grant a further continuance at its own instance, having a due regard to the proper administration of justice.

[2.] Papers are produced under notice, when directed to parties or their counsel; when in the possession of others, they must be reached by a *subpœna duces tecum*.

[3.] It is too late to object to the want of service of interrogatories, after the trial has commenced, where the interrogatories have been in office for several years, and have been read without objection on two former trials.

[4.] Where one of several plaintiffs in ejectment, conveys his interest in the premises during the pendency of the suit, the action may still proceed in his name, to recover the interest.

[5.] The statute of Henry 8th, against the sale of pretended titles, has never been adopted in its stringency, by the Courts of this country, but in a modified form only, so as to allow the grantee of a deed made during adverse possession, to use the name of the grantor to protect or enforce his rights.

[6.] Where A by verbal agreement sells to B one half of a lot of land, B goes into possession and remains a few weeks, paying no part of the purchase money, and upon being sued jointly with A for the premises, surrenders up the possession to A and abandons immediately the occupancy :

*Held*, That the whole land as well as the *mesne* profits may be recovered of A.

Action to recover land and *mesne* profits, from Bibb Superior Court.   Tried before Judge Powers, May Term, 1856.

This was an action brought, in the form prescribed by Act of 1847, by the children of Milly McGuire, against Willis Wood, and William Johnston, to recover lot of land No. 68, in the fourth district of originally Houston, now Bibb county, and for *mesne* profits.

The defendants pleaded :

1st.  The general issue.

2d.  The statute of limitations.

3d.  (By way of amendment,) That since the commencement of this suit, one of the plaintiffs. Daniel J. McGuire, has conveyed his interest in the land in dispute, by deed, dated 30th January, 1855.

The case being called for trial, William H. Calhoun warrantor, vouched to appear and defend, moved for a continuance, on the ground of the absence of L. N. McGuire, one of the plaintiffs of record, who had been subpœnaed to appear and be examined as a witness, but who failed to attend.

It was admitted that defendants had had two consecutive continuances, neither of which was for providential cause, next preceding this Term of the Court, and since said case had last been to the Supreme Court.

The Court refused the application for a continuance, and this constitutes the first ground of the motion for a new trial.

A notice to produce a deed for the premises in dispute from Lovick N. and Absalom B. McGuire to William H. Calhoun ; also, a deed from Calhoun to Benjamin H. Gray, had been served upon Stubbs and Hill, attorneys for defendants.

Wood vs. McGuire's children.

In response to the notice, Mr. Stubbs stated that he had had said papers, and had them when notice was served, that he had not received them from either of the defendants, Wood or Johnson, but from William H. Calhoun; who was then in Court, and on whom a *subpœna duces tecum* had been served, and that he had returned said papers to Calhoun, who was then in Court with them, and that defendants, Wood and Johnson, were also in Court ready to answer said notice and subpœna.

The Court required Mr. Stubbs to get the papers, and ordered Calhoun to deliver them up in Court.

In obedience to this order, Mr. Stubbs produced the papers and delivered them to the plaintiffs' counsel. Stubbs objecting to said order. And this constitutes the second ground of the motion for a new trial.

In the course of the trial, plaintiffs' counsel offered to read the answers of Milly McGuire to interrogatories. Defendants objected to the reading of the answers upon the ground, that there had been no legal service of said interrogatories upon defendant or waiver thereof. It appeared that a waiver of notice was indorsed upon the interrogatories signed by Poe & Nesbit, defendant's attorneys, but who were not in fact defendant's attorneys, and were now representing plaintiffs. By way of explanation, James A. Nesbit, of the said firm of Poe & Nesbit, stated in his place, that Johnson, one of the defendants, soon after suit was brought, spoke to him in reference to defending the case. Never employed him, but spoke to him with a view to employ him, and consulted with him for that purpose. Never said anything more about it, and Mr. Poe is now here as plaintiffs' attorney. Mr. Poe stated that he was employed by plaintiff after said waiver was signed.

It was admitted that the interrogatories and answers had been in Court ever since May Term, 1853, and were read without objection, on all the former trials.

The Court overruled the objection and admitted the an-

swers. And this ruling constitutes defendant's third ground for new trial.

Plaintiffs then offered in evidence the will of Thomas Rainey, deceased, and proposed to read therefrom the following clause, to-wit:

"I will and bequeath to my grand-children, the children of Milly McGuire, their heirs and assigns forever, lot or parcel of land containing 202½ acres, known by lot No. 68, in the 4th district of Houston county."

To the introduction of which will as evidence, defendant objected, on the ground, that there was no order of any Court admitting the same to record. The oath of the subscribing witness was attested by the Clerk of the Court of Ordinary, purporting to be done at a regular Term of the Court, but no evidence that the Justices or either of them were present. The Court overruled the objection, and admitted the will; and this constitutes defendant's fourth ground for a new trial.

Upon the close of the testimony, the defendant's counsel requested the Court to charge the jury as follows:

1st. If the jury believe Willis Wood to have been in exclusive possession of the west half of the lot of land at the commencement of the suit, holding the same under contract of purchase, the plaintiffs having dismissed their action as to the said Wood, they cannot in this event, find as to said west half in favor of the plaintiffs or either of them; and this, although they may believe that Wood, subsequently to the commencement of said suit, may have abandoned such contract or possession, and disclaimed title thereto.

2d. That if the jury believe the possession of the defendant at the commencement of the said suit was not adverse, and that Daniel McGuire has conveyed his title to said lot, no recovery can be had in this suit for said Daniel's interest.

3d. And if such conveyance is proved, then no such recovery can be had, whether he did or did not hold adversely at the time of such conveyance.

Which charge the Court refused to give, but charged the jury, "That although the defendants may have held under McGuire and in subordination to the plaintiffs' title, so as to defeat the operation of the statute of limitations ; yet after suit brought, the possession of defendants was adverse, and a deed made by Daniel McGuire, after suit brought for his share of the premises is void, and conveyed no title out of him, and cannot be set up by defendants to defeat a recovery as to him, and if you find for the plaintiffs, find four-fifths of the premises and *mesne* profits, in favor of the plaintiffs, and one fifth in favor of defendants, as against Lovick N. McGuire, he having sold all his interest before suit brought."

Which charge, and refusal to charge, constitutes defendant's fifth ground for a new trial.

In the progress of the argument of counsel to the jury, and while the last counsel for plaintiff was addressing them, they moved to amend the declaration, by striking out the name of Willis Wood, as one of the defendants, which the Court permitted, no objection being made by defendant's counsel.

The jury found in favor of four of the plaintiffs, the undivided four-fifths of the premises in dispute, and three hundred and thirty-nine dollars, *mesne* profits ; and as against Lovick N. McGuire, the remaining plaintiff, in favor of defendant, the other undivided fifth part of said premises.

Defendant by his counsel moved the Court for a new trial, upon the grounds already stated, and because the verdict was contrary to law and the evidence.

Afier hearing argument, the Court overruled all the grounds taken in the *rule nisi*, and refused a new trial.

To which decision counsel for defendant excepted, and assigns the same as error.

STUBBS, HILL & TRACY, for plaintiff in error.

LANIER & ANDERSON, for defendants in error.

Wood vs. McGuire's children.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This case had been continued twice. It was in the discretion of the Court to continue it again, or not. Could the testimony of Lovick McGuire have been available had he attended Court, we should have been of the opinion, that the circumstances attending his absence, would have justified, if not absolutely required, a postponement of the cause. But the object of his evidence was to impeach his mother. To do this, the foundation had first to be laid by examining her. Interrogatories had been taken out for this purpose, which had not been executed and returned. Hence the testimony of young McGuire would have been immaterial; and considering the length of time this case has been in Court, we are not disposed to overrule the Circuit Judge in refusing the continuance.

Litigation in our Courts is too protracted, and it has been truly said, that justice when it comes, is so burdened with expense, that injustice were scarcely worse. Some of the cases on this docket by their repeated recurrence, are almost coeval with this Court. This should not be. This case has been tried three times. It has been here three times. And yet, its substantial merits were developed at first. No new fact or feature has been disclosed since. Upon the very point to which the testimony of Milly McGuire the mother relates, to-wit: The acknowledgment of Calhoun, that he knew when he was buying this land, that the title was in Absalom McGuire's children; is not that fact patent upon the deed which he took? He takes a conveyance from the father as "parent," and from Lovick McGuire, as the only child that had come of age! And suppose he did not know it, the proof shows that Absalom McGuire never pretended to claim this land as his own. All the children, except one, were minors. They sued for the land willed them by their grand father, so soon as they attained their majority. It may be a hard

case upon Mr. Calhoun.    It would be more so for these children to lose their land devised to them by their ancestor.

[2.] Was the Court right in forcing the custody of the title papers from Mr. Stubbs, who obtained them from Calhoun ? If Calhoun be considered as a party to the case, being warrantor of defendants' title, and he seems to have acted the part of a *quasi* party, at least, there was nothing wrong in the ruling.    If otherwise, it is questionable whether the Court did not transcend its just authority, in conveying the papers from the possession of Mr. Stubbs.    Notice to produce papers, is applicable we suppose to parties and their counsel ; otherwise they must be reached by a *subpœna duces tecum.* Still the deeds are produced and read and are lawful testimony, whether obtained properly or improperly.    Brother Hill says, had he been present, he should have stood upon his professional privilege, and refused to deliver the papers. Brother Stubbs thought he could better serve the interest of his clients, in the Court House and his office, than within the four walls, and surrendered up the documents.

[3.] As to service of the interrogatories for Milly McGuire, it turns out that Messrs. Poe & Nesbit, who acknowledged service, never were the attorneys of the defendants.    They had been spoken to, or one of them, Mr. Nesbit, and expecting to be employed, acknowledged service.    Had the objection been taken in time, it would have been good.    But it came too late.    The interrogatories had been in Court several years. They had been read on both the previous trials without objection.    Besides, it does not appear that the defendant was ignorant of this defect in the service.

[4.] Two objections are made to the charge of the Court. There was testimony, that Daniel McGuire, one of the plaintiffs, since the commencement of the suit, had conveyed his interest in the land.    It was insisted there could be no recovery, as to him.    The possession of the defendant being adverse at least from the bringing of the action, was of course adverse when this transfer was made.    If Daniel McGuire's

Wood vs. McGuire's children.

deed was void under the statute of Henry 8th, then there could be no doubt but that he was entitled to recover, notwithstanding the sale. But suppose it were valid, might not his name be retained on the docket to enable his grantee to recover? He was entitled at any rate, to the *mesne* profits that had accrued up to the time of his parting with his title.

[5.] I would remark, that the Courts in this country have never enforced the statute of Henry 8th, in its stringency, but in a modified form only, and accompanied with a practice, which makes it amount to but little; while they have pretty uniformly held, that a conveyance made during adverse possession, was void. They have invariably permitted the feoffee to use the name of the feoffor, to protect and enforce his rights; and this the real party in interest has frequetly to do, apart from the statute, on account of the absence or deficiency of some link in the owner's chain of title; he is often compelled to fall back and lay a demise in the name of some previous conveyance. In case of notes, indeed in relation to every other interest, the true party has not unusually to shelter himself under the name of a nominal party, and this may generally, if not always, be done with this qualification, that the defendant is not thereby to be deprived of any benefit of defence, as against the actual party in interest.

[6.] The last error complained of is, in allowing a recovery of four-fifths of the entire lot. Johnson, who claims under Calhoun, through Gray, made a verbal contract with Wood, to let him have the west half of the land; a line of division was drawn. and Wood cleared a few acres; in less than a month the writ was served, and he surrendered to Johnson and abandoned the premises.

We are inclined to think, that it was right to recover of Johnson the whole lot as well as the *mesne* profits. Wood certainly made none. His contract with Johnson was not such as could have been enforced upon a bill for specific performance. No part of the purchase money had been paid, and it was immediately rescinded by mutual consent.

Some of the doctrine upon this subject goes very far. It has been held, that a successful plaintiff in ejectment is entitled to recover, not only so much of the premises sued for, as was in possession of the defendant at the institution of the suit, but for any extension of possesion within plaintiff's claim, *pendente lite.* (*Taylor vs. Cox,* 2 *B. Monroe,* 436.) Johnson stepped into Wood's shoes, substituted himself for Wood, and thus voluntarily and knowingly took upon himself all the consequences. He made himself defendant instead of Wood, *quoad,* this portion of the land. It is certainly more just that Johnson should pay the *mesne* profits, than that any part of them should be recovered of Wood.

Upon the whole, we think it best, that there should be an end to this controversy.

Judgment affirmed.