FRY *et al. vs.* CALDER *et al.*

1. Attorneys who were employed to resist the liens claimed by mechanics and contractors on real estate, amounting to five or six hundred dollars, and who succeeded in reducing the recovery to about sixty dollars, had a lien for their fees upon such property as against the owner who employed them. The reduction of the claims against the property was equivalent to a recovery to that extent.

2. Property recovered by attorneys remains subject to their lien for fees, unless transferred to *bona fide* purchasers without notice. Where, pending the litigation in regard to the lien, the defendant sold the property to pay a debt, and in the contract with his vendee the liens were recited, and it was agreed "that a credit shall be entered in his (defendant's) favor on account of his indebtedness for as much of said sum of five thousand dollars as shall remain after fully satisfying such of said claims as shall be ascertained to be legally chargeable as liens upon said property," the purchasers were put upon notice, and were not *bona fide* purchasers without notice, so as to defeat the liens of the attorneys of the defendant.

(*a.*) If the earlier decisions of this court seem to militate against this view, they were made prior to the act of 1873 (Code, §1989), and are not now applicable.

February 7, 1885.

Attorney and Client. Liens. Vendor and Purchaser. Notice. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Reported in the decision.

GEO. T. FRY; ALEX. C. KING, in *propriis personis*, for plaintiffs in error.

JACKSON & KING, for defendants.

JACKSON, Chief Justice.

Fry and King filed a petition before the superior court against Calder and the Chess-Carley Company, setting up a lien as attorneys at law upon certain real estate, sold by

Calder to said company, pending litigation between certain mechanics and contractors, in which litigation petitioners successfully defended the property against claims amounting to some five or six hundred dollars, so as to reduce them to some sixty dollars, for which they claimed fees of eighty dollars, and prayed that defendants show cause why they did not pay said fees. The petition alleges that, in the contract of sale from Calder to the Chess-Carley Company, mention is made of these several claims of mechanics and contractors' liens, and from the price at which the property is estimated, deduction is to be made of the amount legally ascertained to be due upon them.

On demurrer to this petition, the court held that the petitioners had no lien on the property, and refused the rule to show cause. On that judgment error is assigned.

1. If the property still belonged to Calder, who employed the counsel, their lien would be good. Section 1989 of the Code, among other things on which the lien of attorneys attaches, recites that "upon all suits for the recovery of real or personal property, and upon all judgments and decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered for their fees," etc. These suits resulted in the recovery of this real estate from a claim of some five hundred dollars upon it, operating upon it as liens if the other side had been successful, and by virtue of which liens the property could be sold under the sheriff's hammer. To the amount of the reduction of these liens from what was claimed to the trifle found due, this real estate was successfully defended, and from their clutch, to the extent of the amount reduced, this house and lot was recovered. It makes no difference whether the recovery be by the defence or by the plaintiff. The successful counsel on the one or the other side is entitled to his lien.

Therefore the conclusion seems irresistible, that if Calder had not sold to the Chess-Carley Company, the lien of

counsel for fees for successfully defending his property against the grasp of lien creditors would be good.

2. How does this sale to the company affect it? Is the lien still good in their hands? The same section of the Code and the same paragraph, part of which is transcribed above, enacts, "And the property recovered shall remain subject to said liens, unless transferred to *bona fide* purchasers without notice."

Did this company have notice? Clearly, it seems to us from the petition, the facts of which this demurrer admits. From the price for which they bought the house and lot these contractors and mechanics' liens, when legally ascertained, are to be deducted. This is in their contract with Calder. So that Calder pays the loss, and not the company. And if the sale is to pay a debt due by Calder to them, the less the property has to pay the lien creditors, the more of that debt will the company secure. So that, in equity and good conscience, the company, in the latter event, ought to pay the laborers, who put in their pockets four or five hundred dollars, by fighting off the liens of creditors to that amount.

But under the statute cited above, the only thing that could relieve the property on which the lien attached and is to remain—no matter where the property is sold, and in his whose hands it is cast, and no matter whether benefit accrued to the purchaser or not from the labors of the attorneys—is *bona fide* purchase without notice.

We think the contract itself affects this company with notice of this litigation. There can be no litigation without lawyers; no lawyers without fees; no fees from an insolvent, without a lien; that lien cannot be asserted until the litigation ends; of the inchoate right to it the law gives notice; and that this purchaser, to secure its own debt, made this trade with full knowledge of the legal struggle over other lien creditors and the effort to reduce them, seems to us to beam from the very contract of purchase.

Especially do these words, after reciting these identical

creditors' liens, fought off by counsel, among others, " that a credit shall be entered in his (Calder's) favor, on account of his indebtedness for as much of said sum of five thousand dollars as shall remain after fully satisfying such of said claims as shall be ascertained to be legally chargeable as liens upon said property," in connection with the fact that the purchase was made pending the litigation, fix knowledge or notice upon the company.

Cases were cited by plaintiff in error from the Georgia reports under the old law of the lien of attorneys, which may seemingly militate against the views above expressed, especially about notice of litigation and its effect; but if so, it is enough to say that such decisions were made on cases arising prior to the act of 1873, codified in section 1989, and under our present attorneys' lien law are inapplicable.

The conclusion reached is that the court erred in dismissing the petition and denying the rule, and the judgment is reversed.

Judgment reversed.