## SUWANNEE TURPENTINE COMPANY *et al. v.* BAXTER & COMPANY *et al.*

1. Where pending an action of ejectment the plaintiff conveys the land in controversy, it is legal and proper for him to prosecute the suit to judgment, although his vendee and the defendant have agreed in writing that the vendee be permitted to take judgment, and this agreement has been entered upon the minutes of the court.

2. After the recovery of the land sued for and the due filing by the plaintiff's attorneys of their claim of lien, it is legal and proper for such attorneys to commence a suit for the foreclosure of their liens for fees against the plaintiff. It is not necessary that the vendee should have been given notice of such liens, the pendency of the suit in ejectment constituting such notice.

3. When in a suit for the foreclosure of such liens four different liens for different amounts, each on land different and distinct from that affected by the other liens, were consolidated in one petition and judgment prayed setting up and establishing the liens for the aggregate sum of all the liens on all the land, and such a judgment was rendered by the court, it was irregular but not void. Especially is this true when the defendant appeared in court and resisted the foreclosure of the liens. It was, therefore, not error for the trial judge to refuse to set aside this judgment upon the application of the purchaser from the original plaintiff in ejectment, such purchaser not having been a party to the action wherein the liens were foreclosed.

Submitted November 11, 1899.—Decided January 27, 1900.

Petition for injunction. Before Judge Bennett. Clinch county. August 10, 1899.

*S. T. Kingsbery & Son* and *Denmark & Ashley*, for plaintiffs.

*Toomer & Reynolds, L. A. Wilson*, and *S. W. Hitch*, for defendants.

SIMMONS, C. J. The facts of this case, briefly stated, are as follows: Moody brought four actions of ejectment against four different defendants, the suit against each being for certain lands not involved in the other suits. Pending these suits Moody sold his interest to the Suwannee Turpentine Company. Mobley, one of the defendants, bought, pending the suits, the interests of the other defendants. He and the turpentine company then entered into a written agreement compromising the suits. The company was to pay Mobley $600, being then "permitted to take judgment . . for all the lots of land described

in each suit," but without rent. This agreement was dated Nov. 24, 1894, and was entered on the minutes of the court April 17, 1896. On the latter date, judgment in each of the four suits was entered in favor of Moody, the original plaintiff, against the original defendant. At the same term Hitch and Wilson, Moody's attorneys, filed and had recorded their claim of lien against the land, specifying in their claim the lots on which each lien was claimed, and the amount thereof. Subsequently they commenced proceedings to foreclose their liens against Moody and the land recovered for him. In this proceeding, instead of bringing four suits, foreclosing each lien separately, they combined them all in one suit, and prayed that the liens be set up and established against all the land for the aggregate sum. Moody appeared at the trial and contested the right of the attorneys to foreclose the liens and their right to a judgment therein. He did not demur to the petition on the ground that the liens could not be foreclosed in one suit, but went to trial on the merits of the cause. The jury returned a verdict in favor of the attorneys, establishing the liens, and a judgment was entered thereon. Execution was issued and levied upon the lands specified in the lien. These lands were advertised and sold by the sheriff, and were purchased at the sale by a member of the firm of G. S. Baxter & Co. Thereafter the Suwannee Turpentine Co. and others filed an equitable petition against G. S. Baxter & Co., Hitch, and Wilson, seeking to set aside the judgment obtained on the foreclosure of the liens of Hitch and Wilson. They alleged the purchase by them of the interest of Moody, pending the suit, the agreement between the company and Mobley above referred to, that the agreement was placed upon the minutes of the court and that Hitch and Wilson assented to it, and that, notwithstanding this agreement and assent, the attorneys proceeded to take judgments in the name of Moody. They contended that the agreement, having been placed upon the minutes of the court, was equivalent to an order making the turpentine company a party plaintiff instead of Moody, and that Hitch and Wilson disregarded the understanding between them and took the verdicts and judgments in the name of Moody in order to secure their liens. They

alleged that the judgments were, for these reasons, void, and that, the judgments being void, the liens of the attorneys were invalid and the suit to foreclose them and the judgment thereon likewise void as against them and the land which they had purchased from Moody. They also alleged that the judgment foreclosing the lien was void, because Whittington, an attorney at law, presided in the case for the purpose of passing an order to perfect service on Moody who was a non-resident, it appearing that Whittington had been engaged with Hitch and Wilson as attorney for Moody in the prosecution of the ejectment suits, and that the order appointing him judge pro hac vice was signed by a judge who was disqualified in the case. These last points were not insisted on here in the argument. They further alleged in their petition that the judgment was void, because the petition to foreclose the liens embraced in one suit all of the liens, and because the court had no jurisdiction to render a judgment on such a petition. They prayed that G. S. Baxter & Co. be enjoined perpetually from cutting timber or entering upon the land ; that the judgments in ejectment be set aside ; that the judgment foreclosing the liens of the attorneys be declared null and void; and for general relief.

. The defendants, answering the petition, denied that the turpentine company was made a party to the ejectment suits by the entry of the agreement between it and Mobley upon the minutes of the court. They alleged that they and the attorney for the turpentine company understood the agreement differently from the plaintiffs, and that the judgments were therefore entered up in favor of the original plaintiff. With these exceptions, most of the material allegations of the plaintiffs were admitted.

This case, between the same parties, has once before been here, and is reported in 106 Ga. 180. It came then from Echols county, wherein the petition was filed and the injunction sought, and the court held in substance that the judgment appeared on its face to be regular and legal, and must be attacked in the court in which it was rendered. The suit was then filed in the proper court, and comes to this court on exceptions to the refusal of the trial judge to grant the injunction prayed.

After a careful consideration of this case, we find no error in the rulings complained of in the bill of exceptions.

1. It was earnestly insisted in the brief of counsel that the court erred in not holding the verdicts and judgments in the original ejectment suits void on the ground that when the Suwannee Turpentine Company had purchased the interest of Moody and entered into the agreement with Mobley under which it paid Mobley $600 and he agreed that the company should be permitted to take judgment in the suits, and when this agreement was placed upon the minutes with the consent of all the parties, it was equivalent to making the turpentine company a party plaintiff, and verdicts and judgments in the name of the original plaintiff were void. We think the court was right in holding to the contrary. Moody was the original plaintiff and the only person who could prosecute the suits to judgment. Although he had sold his land to another, he had still the right to maintain the actions, not only to recover damages for the trespass upon his land, but to secure a title which would inure to the benefit of his vendee. *Wood* v. *McGuire,* 21 *Ga.* 576 ; *Harris* v. *Cannon,* 6 *Ga.* 382; 10 Am. & Eng. Enc. L. ( 2d ed.) 494, and cases cited. Had the name of Moody been stricken from the petition and that of the turpentine company inserted as the party plaintiff, with or without adding a new demise, the actions would necessarily have failed, for it is a well-settled rule that for a plaintiff in ejectment to recover he must have had title and been entitled to the possession of the land at the time of the commencement of the suit. Had Moody's name been stricken and his vendee made plaintiff, the latter could not have shown that it had title and the right of possession at the time of the commencement of the suit. Besides, it would have been adding a new party and perhaps a new cause of action. The agreement between the turpentine company and Mobley could not amount to making the company a party when entered on the minutes with the approval of the court. We are aware of no law, nor have we been cited to any case, which authorizes the substitution of the name of the vendee for that of the original plaintiff in ejectment where there has been a sale by the latter pendente

lite. Instead, therefore, of its being a fraud on the part of Hitch and Wilson to take the judgments in the name of Moody, it seems to us that they acted in the best of faith not only for the protection of Moody but of his vendee. The verdicts and judgments taken in Moody's name were not void· for any of the reasons urged by the plaintiffs in error. It is quite likely that had Hitch and Wilson pursued the course insisted on as the correct one by the plaintiffs, and obtained judgments in the name of the turpentine company, such judgments would have been void.

2. It was also contended by counsel for the plaintiffs in error, that the judgment obtained in the foreclosure suit was void because brought against Moody alone; that the turpentine company ought to have been made a party or to have had notice of the pendency of the suit. This contention, we think, is not sound. The code gives attorneys a lien upon property recovered by them in litigation. There is always a contract, either express or implied, between attorney and client. It is necessary to serve the client when the attorney institutes suit to foreclose a lien for fees, the proceeding being against the client and his property. While it is true that the lien of the attorney arises by operation of law, it can not arise unless there is a contract for the services of the attorney and the suit is upon that contract as well as upon the lien. This being true, Hitch and Wilson could not have brought their suit against the turpentine company, the vendee of their client. With it they had no contract, express or implied. Indeed, it seems from the agreement made by the vendee and Mobley that they sought to take the case out of the hands of the attorneys. The turpentine company was no party to the contract for services of the attorneys, could not have been sued on such contract, and was, therefore, not a proper party to the suit to foreclose the liens. Nor was it necessary that the attorneys should give notice to the company of the foreclosure proceedings. The officers of the company knew of the pendency of the suits for the recovery of the land, and when the company bought the land it did so subject to the lien of the attorneys in the event their services proved successful. The law gave the attorneys the

lien, and required them to record their claim of lien within a given time after their services were terminated. The liens were properly recorded. The pendency of the ejectment suit was all the notice to which the vendee was entitled. *Little* v. *Sexton*, 89 *Ga.* 411; *Fry* v. *Calder*, 74 *Ga.* 7; *Lovett* v. *Moore*, 98 *Ga.* 158; Bennett, Lis Pendens, § 264.

3. The record discloses that when Hitch and Wilson brought their action to foreclose their liens, they consolidated in one suit their four claims of lien, each on a separate and distinct tract of land. Moody was served with notice of this suit, and appeared personally and by attorney and resisted the foreclosure. The record does not disclose that he objected to the consolidation of the liens, or filed any demurrer on this ground. The case proceeded to trial, and the jury returned a verdict for the plaintiffs. Judgment was entered up on this verdict, and execution issued. It is contended by plaintiffs in error that this judgment was void because of the consolidation of the claims into one suit. While we think the better practice would have been to bring four suits, one to foreclose each lien, the failure to do so and the consolidation of the liens into one suit constituted at most merely an irregularity or error which did not render the judgment void. To render a judgment void there must be want of jurisdiction of the subject-matter or of the person, or an excess of jurisdiction (1 Freeman, Judgments, § 116), or the judgment must be fraudulent or fraudulent and collusive (Civil Code, § 2689; 2 Freeman, Judgments, § 335 et seq.; 1 Black, Judgments, § 293; *Smith* v. *Cuyler*, 78 *Ga.* 654). For a want or an excess of jurisdiction the defendant in a judgment may have it set aside, but this can not be done by one who is a stranger to the judgment. A creditor or a stranger, when their interests are affected by the judgment, may have it set aside for fraud or fraud and collusion. Under the allegations in this bill we might end the discussion of this case by saying, first, that when this case was here before (*Dixon, Mitchell & Co.* v. *Baxter & Co.*, 106 *Ga.* 180) this court held that the judgment foreclosing the liens was not void upon its face but "was on its face valid and regular, and that the plaintiffs were not, so long as it remained of force, entitled to the injunction for which

they prayed;" and, second, that the vendee and those holding under it, not having been parties to the action in which the judgment was rendered and not charging that the judgment was procured by fraud or collusion, can not properly move to set it aside. "A third person not a party to the record can not go into a court and move to set aside a judgment which is not against him." *Merchants' Bank* v. *Haiman*, 80 *Ga.* 624; Civil Code, § 5362; *Cathing* v. *State*, 62 *Ga.* 244. But even conceding that the plaintiffs in error can properly bring the judgment into question by a bill to set it aside, we still hold that it was not void for any of the reasons set out in the petition. The court which rendered the judgment had jurisdiction of the subject-matter of the suit, — that is, it had jurisdiction of suits to foreclose attorney's liens on lands recovered by the attorneys for their clients, and had jurisdiction of the parties and unrestricted jurisdiction as to amount. The judgment was, therefore, not void merely because the attorneys consolidated in one action four different claims of lien. The defendant could have objected or demurred at the proper time on this ground, and thus made this question. Instead of this he acquiesced in the judgment which remains of force to-day, unexcepted to and unreversed. If the liens of attorneys for fees be regarded as arising out of the contract for services, then sections 4943 and 4944 of the Civil Code would seem to give attorneys the right to consolidate suits for the foreclosure of such liens. If the liens be regarded as not founded upon the contract of employment but arising by operation of law upon the performance of the services, even then the consolidation would not make the judgment void. It is true, as contended for by plaintiffs in error, that the liens were for different amounts and were on different tracts of land. All, however, were against the same defendant and against the land recovered for him by the attorneys, and it is not shown that Moody or his vendee was hurt by foreclosing the liens for the aggregate sum on all of the land, instead of foreclosing each lien on that portion of the land which was properly subject to it. However that may be, the court had jurisdiction of the parties and of the subject-matter, and we are clear that the judgment rendered was not void. In the case of Pritchard *v.*

Madren, 31 Kans. 38, it appears that the taxing officer assessed taxes for a gross sum upon land in gross, when by law he should have assessed each tract separately. Suit was brought upon the assessment in gross and for a gross sum, and judgment for a gross sum obtained. The court held that the judgment was not void but only irregular. This decision is quoted with approval in Freeman on Judgments (vol. 1, § 135), wherein it is said that "a judgment against lands for a sum in gross, when it should have been against each parcel separately," though erroneous or irregular, is not void. See also Hukm Chand, Res Judicata, § 192. For these reasons we think the judgment of the trial judge was right.

<em>Judgment affirmed. All the Justices concurring.</em>