## OBERON LAND COMPANY

*v.*

## MARY DUNN et al.

[Filed August 16th, 1900.]

*Gen. Stat. p. 3487* § *6* declares that on a bill to quiet title the court shall fix and settle the rights of the parties in the lands in dispute.—*Held,* that where, on a bill to quiet title, a feigned issue was awarded to try the question of the legal title to the lands, and after judgment in favor of defendants, both complainant and defendants conveyed all their interest in the lands in dispute to a stranger to the suit, the bill should be dismissed, since neither party had any rights in the lands to be bound by any decree. Under such a state of facts each party should pay his own costs.

On bill to quiet title. Answers, award of feigned issue and return of transcript and *postea.*

This cause, on bill to quiet title, &c., was heard before this court on the preliminary point whether the complainant had such peaceable possession of the premises in question as gave it standing to file its bill under the statute. *Oberon Land Co.* v. *Dunn, 11 Dick. Ch. Rep. 750.* The complainant was decreed to be in peaceable possession, claiming to own, &c., and thereupon on the application of defendants a feigned issue was awarded to try the question of the legal title to the lands. Issue was joined, and at the trial in supreme court circuit in Atlantic county, a verdict was found in favor of Mary Dunn and others, defendants, as appears by the *postea* and proceedings in the law court, now here on file.

The defendants' counsel now applies for a hearing in this cause on the issues raised by the bill and answer thereto.

The counsel for the complainant gives notice of a motion to dismiss the bill, upon the ground that both complainant and defendants have conveyed away to a stranger all their interest and estate in the premises described in the bill of complaint,

Oberon Land Company *v.* Dunn.

and that none of the parties to the suit have any further interest in its prosecution or defence. The two motions were heard together. Affidavits were filed, and deeds were produced establishing the fact that both the complainant and defendants had, for valuable considerations paid, conveyed all their interest in the premises in dispute to Arvine H. Phillips, who is not a party to this suit. There is no denial that this disposition has by all the parties been made of the subject-matter of this controversy. The defendants insist that notwithstanding the cause shall proceed to hearing and decree.

*Mr. David J. Pancoast,* for the complainant.

*Mr. George A. Bourgeois,* for the defendants.

Grey, V. C.

In the admitted present condition of this controversy each party has by deed parted with all interest in the subject-matter of the suit. Their grantee is a stranger who cannot be bound by any decree made therein. By the statute the decree "shall fix and settle the rights of the parties in the said lands," &c. *Gen. Stat. p. 3487 § 6.* But the undisputed proof is that neither party has any rights in any of the said lands to be bound by any decree.

The suggestion for further proceedings on this bill to quiet a title, which, so far as the parties to the suit are concerned, is already quieted by their own acts, is an invitation to the court to hear argument upon a purely hypothetical question and to make a decree which will be wholly inoperative. That is not the purpose for which courts hear causes. The parties have themselves, in a binding way, settled the whole controversy.

No question of costs even remains to be decided. It is well established that where the parties settle their differences out of court without reference to the costs, each party shall pay his own costs. *Bruce* v. *Gale, 2 Beas. 211,* and cases there cited.

The bill of complaint and proceedings thereon should be dismissed, without costs allowed to either party against the other.