McMULLEN <em>v.</em> COOPER <em>et al.</em>

A general demurrer to the plaintiff's equitable petition to remove a cloud on title to realty was sustained. Upon the face of the petition it did not appear that the plaintiff or any of the defendants were in possession of the lands in controversy; nor did it appear that the plaintiff had perfect title thereto; nor was it averred that he was the true owner of the lands. There was no error in sustaining the demurrer.

Submitted March 3,—Decided May 16, 1906.

Equitable petition. Before Judge Mitchell. Colquitt superior court. April 4, 1905.

<em>W. C. McCall,</em> for plaintiff.    <em>Shipp & Kline,</em> for defendants.

BECK, J. John McMullen brought a petition for injunction against J. F. Cooper, Jane F. Cooper, and many others, praying that the defendants be restrained and enjoined from exercising any acts of ownership or control over the real estate described in the petition. Petitioner claims the land under deeds from William McMullen; and alleges, that William McMullen acquired title by deed from J. F. Cooper in 1879; that "the said J. F. Cooper, disregarding the deed which he made to the said William McMullen and of your petitioner's rights under said deed which he made, and to defraud your petitioner out of said land and the quiet and peaceful possession of the same, and in violation of his general warranty, bought from R. Bearden of said county and took a deed to four hundred acres of said lot of land, which deed is dated October 24th, 1890." He further alleges, that "J. F. Cooper, or his wife, Jane F. Cooper, sold fifty-four acres of said lot to Ada Hammack, and executed deed thereto," and that J. F. Cooper, or his wife, sold various other small tracts off this four hundred acres to various parties; and that Jane F. Cooper, at the instance of her husband, leased the timber privileges on the tract in question to one Ashburn for a term of ten years. It is nowhere alleged in the petition that any of the defendants (grantees of J. F. Cooper or his wife) are in possession, or that Ashburn has cut or threatened to cut any

of the timber. Petitioner alleges that the taking and making of the deeds by the Coopers and their grantees were a fraud upon "his rights," and he prays that all the deeds be canceled. Each of the defendants demurred generally to the petition, and all of the demurrers were sustained. To the order sustaining them and dismissing his case the petitioner excepted.

As none of the parties named as defendants had ever attempted, or were at the time of the filing of the petition attempting or threatening to attempt, any act of trespass upon the lands in controversy, or to do or perform any act of control or ownership over them; and as there is a prayer against each and every defendant that his deed or lease be delivered up and canceled, it is evident that the relief sought is the removal of clouds upon the title of petitioner, or the quieting of his title. In fact, in the brief filed by his counsel in this court the petition is treated solely and entirely as one for the removal of a cloud, or to quiet title, the language of the brief being as follows: "This was a bill filed in the superior court of Colquitt county, to cancel a set of deeds made by the defendant after he had sold the land to complainant's grantor." As it stands, the petition has several inherent and vital weaknesses that are unable to withstand the general demurrers of any of the defendants; and the court below did not err in so holding. In the first place, the plaintiff does not aver, even in the most general terms, that he is the true owner of or has a good title to the premises in dispute, nor is there a sufficient allegation of facts to show title in him. There is no averment that either of his alleged predecessors in title was the true owner of the lands; nor are they shown to have ever been in possession thereof. They are as innocent of any act of possession, or ownership, or control of the lands as the plaintiff himself or any of the parties named as defendants in this action. The lands are not alleged to be wild lands, nor is it shown that any portion of them is occupied by any of the parties, plaintiff or defendant, in this case. And the bare statement of these patent deficiencies in the plaintiff's case renders entirely unnecessary a discussion of the question as to whether or not the petition was subject to demurrer. It is a general rule that in order for a plaintiff to maintain an equitable petition to remove a cloud upon title, he must show actual possession in himself. See 17 Enc. Pl. & Pr. 306, with numerous citations from nearly every State in the Union.

And this court is among the many so holding. "While the law authorizing proceedings to remove clouds on title should be liberally construed, no one except the true owner of the property can maintain such an action." And "except in the case of wild lands, it must appear that the petitioner was in possession, and he must state facts, and not mere conclusions, showing that he has title to the property." *Weyman* v. *Atlanta,* 122 *Ga.* 539. But not only has the petition in this case the weaknesses which are developed by the rules just quoted, but, under the principle announced in the case of *Thompson* v. *Etowah Iron Co.,* 91 *Ga.* 538, the court below was correct in holding the bill to be demurrable. While many deeds were referred to and set forth in the petition, no particular deed or set of deeds is disclosed which amounts to a cloud upon the supposed title of petitioner. The mere fact that Jane Cooper—she being an entire stranger to the title—made deeds and executed leases to the various parties, no extrinsic facts appearing to show that she or any of her vendees had any other title than the alleged deeds, could not constitute a cloud upon the title of any one. "The true legal owner of land of which neither he nor any one else is in actual possession can not maintain a bill or equitable petition to cancel, as a cloud upon his title, deeds and mortgages, although duly recorded, made by strangers, none of whom, so far as appears, ever had possession of the premises or any conveyance or color of title from the State, or from any one connected with the true title, or any one who ever had actual possession. In order for outstanding conveyances to be a cloud upon title, it is necessary that they of themselves, or in connection with alleged extrinsic facts, should constitute an apparent title; that is, one upon which a recovery could or might be had against the true owner were he in possession and relying upon possession alone. Anything which would force him to attack the adverse title, or to exhibit his own, would be a cloud; anything which would not have this effect would be no cloud." *Thompson* v. *Etowah Iron Co.,* supra.

The authorities cited are so conclusive that neither further citation of authority nor argument is needed to demonstrate that the court below did not err in sustaining the demurrers.

*Judgment affirmed. All the Justices concur.*