COOPER *et al. v.* DAVIS.

HINES, J. On September 29, 1915, Jonathan B. Frost conveyed by his deed to Mrs. W. H. Cooper and W. H. Cooper a described tract of land, "to have and to hold to herself, the said Mrs. W. H. Cooper, the said described real estate for and during her natural life, and upon her death to pass to her children, if any in life at the time of her death, in fee simple forever; and in the event there is no child or children to take the said remainder, then the said property to go to W. H. Cooper for and during his natural life, with remainder to his child or children, if any in life at the time of his death, in fee simple forever; and in the event of the failure of the estates herein created for lack of parties to take the same, as herein provided, then the said described real estate to revert to the grantor herein, his heirs, executors and administrators: it being a part of this contract, however, that, if there are no children in life, grandchildren, if any in life, shall take the place and full rights herein recited, as children would take." On December 4, 1915, Frost was

adjudged a bankrupt. On April 7, 1916, Troutman, as trustee of this bankrupt, under an order of the bankrupt court, conveyed by his deed to W. R. Davis, with other property, the reversionary or contingent remainder interest of Frost under his deed to the Coopers above referred to. The Coopers filed their petition against Davis to cancel so much of the trustee's deed to him as undertook to convey said reversionary interest of Frost in this land to Davis, on the ground that such portion of this instrument is void, because it undertakes, at a judicial sale, to sell and convey a mere contingent reversionary interest and possibility of Frost in said land, contrary to the laws of this State; and for the above reason they seek to have so much of said deed canceled as a cloud upon their title. *Held:*

1. For the proper disposition of this case, it is unnecessary to decide whether the deed from the trustee of the bankrupt conveys to the defendant a bare contingency or possibility, for which reason it would be void (*Dailey* v. *Springfield*, 144 *Ga.* 395, 87 S. E. 479, Ann. Cas. 1917D, 943), or whether the reversion reserved by the bankrupt in his deed to the plaintiffs is such an interest or estate as his trustee could sell or convey. This is a matter which does not concern the plaintiffs, under the view which we take of this case.

2. In order for an outstanding conveyance to be a cloud upon title, it is necessary that it, of itself or in connection with alleged extrinsic facts, should constitute an apparent title superior to that of the person seeking to have it canceled, and it must be one upon which a recovery could or might be had against the true owner were he in possession and relying upon possession alone. *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (17 S. E. 663). One of the plaintiffs having title only to a life-estate in the premises and the other plaintiff having title only to a contingent life-estate, dependent upon the first life-tenant dying without leaving children or grandchildren, and the defendant having title only to a reversion in the premises after the expiration of these life-estates, the title of the defendant is no cloud upon the titles of the life-tenants; and for this reason the life-tenants have no right to have canceled the deed of the defendant, under which he claims title to the reversion. *Flannery* v. *Hightower*, 97 *Ga.* 592, 610 (25 S. E. 371); *McMullen* v. *Cooper*, 125 *Ga.* 435, 437 (54 S. E. 97). In an action of ejectment brought by the defendant against the plaintiffs to recover this land, the life-tenants would not be required to offer any evidence to defeat a recovery; and for this reason the deed of the defendant to the reversion in this land is not a cloud upon the titles of the plaintiffs.

*Judgment affirmed. All the Justices concur.*

*N. L. Hutchins,* for plaintiffs in error.

*O. A. Nix* and *I. L. Oakes,* contra.