*Jones, Park & Johnston,* for defendant.

---

16841. BROWN *et al.* v. WEST.

JENKINS, P. J. 1. Where creditors make a full written assignment of their claim to a third person, although it be to secure a lesser indebtedness of theirs to the assignee, the assignment vests in the assignee the full legal title to the entire chose in action; and in such a case the assignee is vested with the right to maintain an action for the full amount of the chose in action, being charged with the duty of holding the excess, above the amount of the secured debt, as trustee for the assignors.

---

Abatement and Revival, 1 C. J. p. 143, n. 47.

Appeal and Error, 4 C. J. p. 920, n. 53.

Assignments, 5 C. J. p. 895, n. 15; p. 896, n. 17, 20; p. 996, n. 59; p. 999, n. 73, 79; p. 1000, n. 88, 89; p. 1022, n. 76 New.

2. Where such an assignment of a chose in action is not made until after the assignor has filed suit on the assigned claim, the suit in the name of the original plaintiff is not thereby abated; but the original plaintiff, without amendment and without the presence of the assignee, may continue to prosecute the claim to a judgment, holding the amount represented by the secured debt as the trustee for the assignee. *Wood* v. *McGuire*, 21 *Ga.* 576 (4); *Suwannee Turpentine Co.* v. *Baxter*, 109 *Ga.* 597 (35 S. E. 142).

3. A partial transfer of a chose in action is good as a legal assignment only when it has been assented to by the debtor. When he has so assented, separate suits at law may be maintained by both the assignor and the assignee for their respective interests in the chose in action. A partial assignment of a chose in action may, however, be good in equity without the consent of the debtor, but in such case only one suit may be maintained thereon; and such suit must be in a court of equity, with the assignor, the assignee, and the debtor as parties in the case. See *Rivers* v. *Wright*, 117 *Ga.* 81 (43 S. E. 499). Accordingly, where suit was brought upon a claim against the defendant, and it was made to appear that pending the action the plaintiff assigned the full claim sued upon to another as security for a lesser debt of the plaintiff to that person, and that, too, apparently without the debtor's consent, it was prejudicial error against the plaintiff to restrict his right of recovery to the value of the assignor's equity of redemption in the assigned cause of action, and to instruct the jury that if they should find for the plaintiff, they should deduct therefrom the amount of the secured debt. This is true for the reason that such an instruction was tantamount to holding that the assignment was but a partial assignment of the chose in action, and valid as such even though the defendant had not consented thereto, and that the cause of action had become split so as to limit the plaintiff's recovery to the unassigned interest remaining in him. Both of such implied holdings were erroneous, in view of the rule stated above.

3. The exception here taken is by the defendant, and it is a well-recognized principle of law that "a defendant against whom a verdict has been returned can not complain that the verdict is for a less amount than that demanded by the evidence" (*Pullman Co.* v. *Schaffner*, 126 *Ga.* 609 (4), 610, 55 S. E. 933, 9 L. R. A. (N. S.) 407); and since it is true that the charge complained of by the defendant could only have resulted in the rendition of a verdict less in amount than might otherwise have been returned, the defendant can not complain.

　　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*

　　　　　　DECIDED MAY 15, 1926.

Complaint; from Fulton superior court—Judge Ellis. August 29, 1925.

This was a suit by F. T. West against George Brown and Nick Mallas, for the foreclosure of a lien for the original sum of $732, later increased by an amendment, which lien was claimed on account of labor and material furnished in building five stores on Central Avenue, Atlanta, Georgia. On the trial the following

transfer by the plaintiff was introduced in evidence: "Georgia, Fulton County.—Know All Men by these presents that I, F. T. West [the plaintiff], for value received, do hereby transfer, sell, assign, and convey and deliver to Dr. W. M. Etheridge all my right, title and interest in and to a claim I hold against George Brown and Nick Mallas for $732.00, same being the balance on labor and material furnished in the building of five stores on Central Avenue and East Fair street, in which a lien has been filed and recorded, same being No. 316564, book number 273, page 528, November 4, 1921, in which suit has been instituted to foreclose said lien, being number 50932, Fulton superior court. This assignment is made for the purpose of securing an indebtedness of $300.00 due by F. T. West to Dr. W. M. Etheridge. [Signed] F. T. West."

The judge charged the jury as follows: "If you find that this plaintiff is entitled to recover, then you would pass to the question of how much, and on the question of this assignment to this doctor the court instructs you that whatever verdict you find, if for the plaintiff, you should deduct from that verdict the amount due on this assignment from the amount which the plaintiff might be otherwise entitled to recover." The verdict was: "We, the jury, find for the plaintiff in the sum of $1235.19 principal, and interest $282.94,—$1518.13, less $300.00 assignment, and interest $66.50,—$366.50.—$1151.63." The defendants moved for a new trial on general grounds and on the ground that the court erred in the foregoing charge. This motion was overruled, and the movants excepted.

*Key, McClelland & McClelland,* for plaintiffs in error.
*Scott, Hornbuckle & Moore,* contra.