## TAYLOR *v.* MENTONE HOTEL & REALTY COMPANY.

1. The court did not err in refusing to allow the amendment to the defendant's answer, which amounted to a plea in abatement, alleging that the plaintiff, since the institution of the suit, had by warranty deed conveyed to others all of its right, title, and interest in and to the lands.
2. The court did not err in directing a verdict for the plaintiff.

No. 5514. DECEMBER 17, 1926.

Equitable petition. Before Judge Maddox. Chattooga superior court. March 8, 1926.

This is the second appearance of this litigation in this court, an equitable action to cancel certain deeds. *Mentone Hotel & Realty Co.* v. *Taylor,* 161 *Ga.* 237 (130 S. E. 527). Upon the former appeal, this court reversed the judgment of the court below in granting a nonsuit. The case proceeded to trial on March 8, 1926, upon the general facts that will be found reported in the case supra; and the following additional facts transpired. The defendant tendered the following amendment to his answer: "And now comes the defendant and shows to the court that since the institution of this suit, to wit, on or about the 1st day of June, 1920, the plaintiff herein, by warranty deed, conveyed to A. A. Chapman and J. N. Cheney all of its right, title, and interest in and to the lands described and set out in the petition, and that the said plaintiff no longer has any right, title, or interest in said lands and is not entitled to proceed in said cause. Wherefore defendant prays that this his amendment be allowed and that said cause abate, and that he be discharged from this cause." The plaintiff objected to said amendment, on the ground that it was immaterial and irrelevant, contending that a transfer of the interest would not re-

Abatement and Revival, 1 C. J. p. 143, n. 44.
Trial, 38 Cyc. p. 1565, n. 84.

sult in an abatement of the suit. The court sustained the objection and disallowed the amendment, to which judgment the defendant excepted. The plaintiff introduced the following documentary evidence: Deed of A. A. Chapman and C. G. Chapman to Mentone Hotel & Realty Company, dated September 18, 1915, conveying the mineral interests and rights of ingress and egress to the lots of land involved in the controversy and set out in the former report of the case; deed from the Lookout Fuel Company to A. A. Chapman, conveying the same interests and dated May 13, 1915; deed of Harry L. Lamb to said fuel company, dated April 30, 1903, conveying said interests; power of attorney from New England Land & Improvement Company to F. W. Copeland, dated December 28, 1900, authorizing Copeland to sell and convey said interests; deed of said company by Copeland to H. L. Lamb, dated November 19, 1902, and another deed of said company to Lamb, dated October 18, 1902, the two deeds together conveying said interests; tax return for 1915 for said mineral interests in the name of said fuel company, said return showing that the same were assessed against said land company; execution against said land company for taxes for 1915, with levy of sheriff on said interests along with other interests, and entry of sale by said sheriff to the defendant, John D. Taylor; tax fi. fas. for 1913 and 1914 against said land company on said interests, and entry of application of sufficient proceeds of said sale to cover the same; and deed from the sheriff to the defendant, conveying the mineral interests in said lands, pursuant to said sale, and dated June 14, 1916. Plaintiff offered in evidence paragraph 5 of the original answer, wherein defendant admitted he purchased for the sum of $120, "and that he claims and holds title to said land under the deed set up in said fifth paragraph of said petition, but the remainder of said paragraph is denied," said remainder being an allegation that defendant had damaged petitioner by removing coal from said land. Plaintiff offered in evidence paragraph 3 of the original petition as follows: "Petitioner shows that one of its predecessors in ownership to said lands was the New England Land & Improvement Co., which conveyed said interests to those in line under whom petitioner holds, as will be shown by reference to abstract of deeds hereto attached marked Exhibit 'A' and made a part of this petition, which shows a complete chain of title from said New England Land & Improvement

Co. in and to your petitioner." The plaintiff offered the testimony of A. A. Chapman and F. W. Copeland, tending to establish the transactions set out in the documentary evidence tendered.

The defendant offered no evidence. Thereupon, on motion of plaintiff, the court directed the jury to return the following verdict in behalf of plaintiff: "We, the jury, find for the plaintiff—that the deed from J. W. Alexander, sheriff, to John D. Taylor, dated June 14, 1916, and recorded on July 13, 1916, in Deed Book 8, pages 462 et seq., of records of Chattooga County, Georgia, be cancelled as to land lots Nos. 204, 205, 266, 240, 262, 230, and 229 in the 13th district and 4th section of Chattooga County, Georgia, as a cloud on plaintiff's title."

To this direction of verdict the defendant excepted.

*E. S. Taylor* and *Denny & Wright,* for plaintiff in error.

*Wesley Shropshire* and *Maddox, Matthews & Owens,* contra.

GILBERT, J. 1. As shown by the statement of facts, the defendant on the trial tendered what he denominated an amendment to his answer. The amendment amounts to a plea in abatement. The defendant alleged that the plaintiff had by "warranty deed" conveyed to named individuals all of its right, title, and interest in and to the lands described in the petition, and no longer had any right, title, or interest therein. The court disallowed the amendment, and this judgment constitutes the first assignment of error. It is conceded by plaintiff in error that if this were a suit in ejectment, the suit would not abate. See *Wood* v. *McGuire,* 21 *Ga.* 576. In *Gate City Mills* v. *Cherokee Mills,* 128 *Ga.* 170, at page 174 (57 S. E. 320), other instances are enumerated in which suits may be continued after the party who instituted suit has parted with his interest in the subject-matter of the suit. Compare *Suwannee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597, 600 (35 S. E. 142). It is insisted, however, that in an equitable proceeding quia timet or to remove a cloud upon title the rule is different; that where one has parted with his right and title to lands, he is no longer concerned with a cloud on the title; that he possesses no interest which entitles him to continue as a party to the suit; and the following authorities are cited: 32 Cyc. 1375, § 4(III) ; Oberon Land Co. *v.* Dunn, 60 N. J. Eq. 280 (47 Atl. 60) ; 1 C. J. 143, § 221. We do not think these authorities support the contention. The text in 32 Cyc. was doubtless taken from

the Oberon Land Co. case, decided by the New Jersey Chancery Court; and, as stated in that case, both the complainant and the defendant had parted with all right, title, and interest in the subject-matter of the suit, and there was no one to be bound by the judgment, and therefore no suit. Plaintiff in error also cites the following for the contention that the rule as to abatement in a case to remove a cloud on title differs from that in ejectment cases: *Weyman* v. *Atlanta,* 122 *Ga.* 539 (50 S. E. 492); *McMullen* v. *Cooper,* 125 *Ga.* 435 (54 S. E. 97); *Crawford* v. *Crawford,* 143 *Ga.* 310 (85 S. E. 192). In the *Weyman* case this court held that the petitioners failed to set up a case for cancellation of a cloud upon a title, because their allegations showed that they were not in possession. In the *McMullen* case the suit failed for the same reason. In the *Crawford* case the suit failed because it appeared that the plaintiff had no title to the property, and that his only relation thereto was the possession of a mere "squatter." In the present case the petitioner alleges title and possession.

Corpus Juris states the common-law rule to the effect that where one parts with the title in the subject-matter of the suit, the action abates. The same rule is stated in other treatises on the subject. It has been so ruled by this court. *Gate City Mills* v. *Cherokee Mills,* supra. All of the authorities seem to agree, however, that the common-law rule above stated has been abrogated in most of the States by statute, and it is now the rule that the termination or transfer of the plaintiff's interest in the subject-matter of the suit after commencement thereof furnishes no ground for abatement. 1 C. J. 143, § 222. This is also stated by this court in the case next above cited. In Georgia there is no statute governing this subject. In the *Gate City Mills* case, supra, it was held that the court properly allowed an amendment by the plaintiff praying that the suit proceed with the case in the name of the original plaintiff for the use of the vendee. This ruling would seem to indicate that the transfer did not render the suit a nullity nor did it abate the suit. It follows from that ruling that the petitioners in this case could have amended so that the suit might proceed for the use of plaintiff's vendees, if a conveyance had been made. But the petitioners did not offer such an amendment. The issue was raised by the defendant. The sufficiency of the plea must be judged by the allegations made therein, one of which is

that the plaintiff "by warranty deed" conveyed its interest to named persons. This allegation shows that the plaintiff is still interested in removing the cloud upon its title, in order that it may make good the terms of its conveyance. It is not necessary to decide whether in all cases where there has been a transfer of title the suit should abate. Our decision here extends no further than the facts of this case. Since the plaintiff is interested in seeing that its vendees are not disturbed in possession of the property conveyed, the court did not err in refusing to allow the amendment upon which the defendant sought the abatement of the suit.

2. "Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto." Civil Code (1910), § 5926. The evidence in this case authorized the direction of a verdict for the plaintiff on the ground that the levy, as a matter of law, was excessive. *Judgment affirmed. All the Justices concur.*