### 17688. CALLAWAY, assignee, v. PERKINS.

BELL, J. 1. Where an owner of cotton deposited it with another as bailee and procured advances thereon, and thereafter a controversy arose between the bailor and an assignee of the bailee as to whether the cotton, as contended by the bailor, was or should have been purchased by the bailee for a certain amount which the bailor was entitled to have credited on the amount of the advances, or whether, as contended by the assignee, the bailor was indebted to him as such assignee in a named sum upon the payment of which he, the bailor, would be entitled to the return of the cotton, which, as insisted by the assignee, was still held under the original bailment, and where these matters were submitted to arbitrators for settlement as under a statutory award and they found and awarded that the bailor should pay to the assignee a certain sum of money and retain the cotton, the acceptance and retention of the cotton by the bailor estopped him from attacking the award either (1) upon the ground that it was contrary to the evidence adduced before the arbitrators and without evidence to support it, or (2) upon the ground of misconduct or irregularity, as that the assignee or another for him "revealed" evidence to the arbitrators by "reviewing cotton" in the warehouse, when the bailor was absent but should have been called "to help point out said cotton in dispute," the facts touching such alleged misconduct and irregularity having been known to the bailor at the time of his acceptance of the cotton in accordance with the award. *Murray* v. *Hawkins*, 144 *Ga.* 613 (4, 5), 622 (87 S. E. 1068) ; *Harrell* v. *Terrell*, 125 *Ga.* 379 (54 S. E. 116), and cit. Upon the trial of this case, which arose upon the filing of objections to such award, by the bailor upon the grounds above enumerated, the evidence having shown, without dispute, that the bailor accepted and sold the cotton, with full

Arbitration and Award, 5 C. J. p. 171, n. 77; p. 187, n. 27.
New Trial, 29 Cyc. p. 833, n. 61; p. 1007, n. 41.

knowledge of all the facts touching the validity of the award, the verdict returned in favor of the assignee was demanded.

2. It was not cause for a new trial that the court may have refused to allow the bailor "to prove that the chose in action" was not the property of the assignee at the time of the trial; nor would it affect the verdict that the successful party may have transferred his rights under such verdict pending the motion for a new trial. *Lamon* v. *Perry*, 33 *Ga. App.* 248 (2) (125 S. E. 907); *Brown* v. *West*, 35 *Ga. App.* 444 (133 S. E. 304); *Suwannee Turpentine Co.* v. *Baxter*, 109 *Ga.* 597 (35 S. E. 142); *Chicago Cheese Co.* v. *Smith*, 94 *Ga.* 663 (20 S. E. 106).

3. In passing upon a motion for a new trial, the court should not consider matters which are neither set forth nor duly referred to in any ground of the motion. *Shipley* v. *Eiswald*, 54 *Ga.* 520; *Crooker* v. *Hamilton*, 3 *Ga. App.* 190, 191 (59 S. E. 722); and cases cited in dissenting opinion in *Gresham* v. *Lee*, 28 *Ga. App.* 576, 580 (112 S. E. 524). The court erred in this case in admitting in evidence, on the hearing of the motion for a new trial, certain documents on the admission of which error is assigned in the bill of exceptions.

4. The evidence having demanded the verdict as rendered in favor of the assignee, and there being no merit in any of the grounds of the motion for a new trial, the court erred in sustaining the motion.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1927.

Arbitration; from Banks superior court—Judge Stark. August 28, 1926.

*J. B. G. Logan, A. J. Griffin, Jere S. Ayers,* for plaintiff in error. *John L. Perkins, E. C. Stark,* contra.