22545. POLAND LAUNDRY MACHINERY CO. *v.* PYLE.

DECIDED AUGUST 3, 1933. REHEARING DENIED SEPTEMBER 30, 1933.

*A. B. Conger,* for plaintiff.

*J. C. Hale, W. V. Custer & Son,* for defendant.

MACINTYRE, J. In this case we do not deem it necessary to go at length into the various ramifications of the pleadings and the evidence. Poland Laundry Machinery Company, a partnership, brought a trover action to recover certain laundry machinery of the value of $1762. The defendant filed a plea of recoupment, and the jury returned a verdict for him for $1846, and awarded the property to the plaintiff. The exception is to the judgment overruling plaintiff's motion for a new trial, based upon the general and certain special grounds.

The defendant testified that on the machinery shipped he paid out freight, demurrage, and drayage aggregating $161.07; that the plaintiff retained the cash payment of $500 paid by the defendant on the machinery, and that defendant paid also $40 · rent for a machine used in the place of the one ordered by him. He testified also in effect that because of plaintiff's delay in sending him the proper machine he "lost $70 worth of business a week at a low rate," and had to rent two buildings, the one he was originally in, and another into which he was moving. To our minds the testimony as to loss of business and the testimony in regard to rent on buildings was entirely too incomplete and indefinite for a jury to consider in making up their verdict. In short, we are of the opinion that the evidence failed to support the very large verdict rendered in favor of the defendant, and therefore, upon the general grounds of the motion for a new trial, we reverse the judgment.

Special grounds 1 and 2 are merely elaborations of the general grounds.

In special ground 3 it is averred that the trial judge erred in admitting in evidence a letter wherein the defendant advised the

plaintiff that the machine shipped was not the one ordered, because the evidence tended to vary the terms of an unambiguous written order, and because "the same was self-serving, illustrated no issues in the case, and was otherwise irrelevant and immaterial." We think that the evidence was admissible.

It appears from ground 4 that the court admitted in evidence a letter written by defendant's attorney to the plaintiff, over the same objections stated in the preceding ground. In admitting the letter the trial judge said: "I allow the latter part of the letter putting them on notice to ship a certain machine and that defendant's contract will be complied with promptly, and to waive any damages that he sustained by their not complying with the contract." We hold that the letter was admissible under the conditions stated.

In special ground 5 complaint is made of the following excerpt from the charge of the court: "I charge you that in this case the plaintiff contends that the supplementary agreement was made on condition that the defendant was to carry out the contract as to the installment payments." It is contended that this charge was erroneous (a) because "the contention referred to was not made by the plaintiff, but by the defendant," and (b) because it was inappropriate "for the reason that there was no consideration for the alleged supplemental agreement." It is not likely that the court will inadvertently use the word "plaintiff" instead of the word "defendant" on another trial of the case, and we do not think that the latter part of the assignment is meritorious.

Special ground 6 discloses no reversible error and warrants no special consideration.

Special ground 7 complains of the following charge: "Or, if you should find that they were not the kind that he needed for his business after he got them down here, and further find that he has not been injured and damaged by any breach of contract on the part of the plaintiff, you are not to find for the defendant any amount of damages." There is merit in the assignment of error that the charge "makes the criterion as to whether or not damages had been sustained the question of whether or not the defendant *needed* the kind of machine that was shipped to him, rather than whether or not the machine shipped was the one ordered."

The assignment of error in special ground 8, that the court

erred in "failing to charge the jury on the subject of damages," when not requested to do so, is without merit.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*