## 24167. POLAND LAUNDRY MACHINERY CO. v. PYLE.

DECIDED JANUARY 31, 1935.

A. B. Conger, for plaintiff.

J. C. Hale, W. V. Custer & Son, for defendant.

GUERRY, J. This is the second appearance of this case in this court. See 47 Ga. App. 569 (171 S. E. 184). The Poland Laundry Machinery Company filed a bail-trover action in the city court of

Bainbridge against A. C. Pyle, alleging, that Pyle was in the possession of certain laundry machinery purchased by him from the plaintiff, the title to which had been retained in the plaintiff; that $500 had been paid at the purchase, and the remainder was evidenced by notes in favor of the plaintiff which were in default. The defendant failed to pay the notes and filed a defense that the property delivered was not the property bought and the consideration had failed. Upon a service of the bail-trover action the defendant surrendered the property to the sheriff and refused to give the bond, and the plaintiff gave a bond and took the property and shipped it out of the State. Plaintiff tendered in evidence the order for the machinery, dated November 6th, 1930, showing a purchase-price of $2262. A. C. Pyle, sworn by the plaintiff as the opposite party, testified that the conditional-sale contract handed him, showing the retention of the title in the plaintiff until full payment of the purchase-money, was signed by him. This contract was admitted in evidence. He testified further that the contract handed him was not the original contract, and that he also executed thirty notes covering the balance to be paid, which notes had never been paid. Plaintiff's counsel and his secretary testified that the original contract of purchase and the notes evidencing the balance due thereon were sent to the plaintiff's counsel in Bainbridge just before the trial of the case, but, through inadvertence, they had been lost and he was not able to produce and surrender them for that reason; that a diligent search had been made therefor. It was further testified that the notes sent to the plaintiff's counsel had no transfer thereon to anyone. Plaintiff's counsel further testified, "I have knowledge of an assignment for the benefit of creditors made by the Poland Laundry Machinery Company under date of October 17, 1933. I was aware of that assignment when this case was sounded for trial. My only knowledge with reference to a change of status of the notes secured by the bill of sale is a certified copy of the assignment, dated October 17, 1933. . . My recollection is that a copy of the instrument exhibited to me was mailed me by a firm of Boston lawyers, probably representing the assignee for the benefit of creditors. I didn't know the assignees were claiming title to the notes. This knowledge came to me as a result of a letter I wrote to the Poland Laundry Machinery Company." Counsel made the further statement that as counsel of record for plaintiff, in so

far as he was unable to find the lost notes, which were lost while in his possession, he would protect the defendant. The defendant tendered in evidence an instrument purporting to be an assignment from the Poland Laundry Machinery Company to named trustees, which contained, among other things, the following: "All accounts and notes receivable, investments, contracts, conditional sales agreement, etc.," for the purpose of converting into cash and being distributed to its creditors, this instrument being dated October 17, 1933. This instrument was certified as follows: "City of Boston, March 22, 1934. A true copy from document filed in office of the city clerk October 25, 1933, at 4:30 p. m. (attest John B. Hynes, Asst. City Clerk, [seal])," Also affidavit in bail-trover action as to value of property.

At the conclusion of this evidence a verdict was directed in favor of the defendant in the sum of $1762, besides interest. Before the motion to direct a verdict was granted, the plaintiff tendered an amendment as follows: "On October 17, 1933, plaintiff executed and delivered an assignment for the benefit of creditors, conveying absolute title to all of its property of every kind and character, including the note sued on in this cause, to Harry B. Braude and Stewart C. Woodworth as trustee for creditors; that Harry B. Braude and Stewart C. Woodworth as trustees should be made parties plaintiff to said cause. Wherefore, plaintiff prays that Harry B. Braude and Stewart C. Woodworth as trustees be substituted for the original plaintiff and be made parties plaintiff in said cause." After being allowed subject to demurrer, the second paragraph making the named trustees in the assignment parties, was stricken on demurrer, thus leaving the case to proceed in the name of the original plaintiff.

The questions to be decided in this case are: (1) Was the direction of a verdict proper? (2) Was the refusal of the amendment proper? The plaintiff introduced evidence sufficient to carry the case to the jury on the facts. There was also introduced evidence which showed that the plaintiff had, since the filing of the suit, made an assignment to named trustees for the benefit of his creditors, and that the legal title had passed out of the plaintiff at the time of the trial. The rights of the parties are to be determined as of the time of the filing of the action. It is true, as was held in *Mitchell* v. *G. & A. Ry.*, 111 *Ga.* 760 (36 S. E. 971, 51 L.

R. A. 622), that "A petition brought in the name of a person who had not such possession, to recover personal property taken from him, can not be amended so as to proceed in the name of the plaintiff for the use of the real owner." A suit in trover instituted by the holder of the equitable title or the beneficial interest in personal property may not be amended by substituting the name of the holder of the legal title suing for his use. *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808). In the present case, however, the suit was instituted by the plaintiff who at that time was the holder of both the legal and equitable title, and the transfer for the benefit of his creditors was made after the action was begun. In *Wood* v. *McGuire,* 21 *Ga.* 576, it was held: "Where one of several plaintiffs in ejectment conveys his interest in the premises during the pendency of the suit, the action may still proceed in his name to recover his interest." See also *Suwanee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597 (35 S. E. 142). In *Brown* v. *West,* 35 *Ga. App.* 444 (2) (133 S. E. 304), in a case where there was an assignment for the benefit of creditors after the commencement of the action, it was said: "Where such an assignment of a chose in action is not made until after the assignor has filed suit on the assigned claim, the suit in the name of the original plaintiff is not thereby abated; but the original plaintiff, without amendment and without the presence of the assignee, may continue to prosecute the claim to a judgment, holding the amount represented by the secured debt as the trustee for the assignee." As was said in *Willis* v. *Burch,* 116 *Ga.* 374 (42 S. E. 718) : "Trover is an action ex delicto; it is a suit brought for a tort; and the rule is that the proper person to bring an action ex delicto or for a tort is he in whom the legal right or property was vested and whose legal right has been affected by the injury complained of." In *McElmurray* v. *Harris,* 117 *Ga.* 919 (43 S. E. 987), it was said: "The right to sue in an action of trover is in the party in whom the title to the property was at the time of the conversion. Where such party sues for the use of another, the name of the usee may be treated as surplusage." While it was held in *Hunter* v. *Lawton-Anderson Co.,* 12 *Ga. App.* 23 (76 S. E. 782), that where the owner of the property at the time it was converted had sold and transferred his legal and equitable right to a third party, he, having parted with all his title, could not maintain an action in trover to recover it, and such

purchaser would be relegated to his rights under a common-law action, this principle is inapplicable to the case at bar, where the plaintiff assigned his right in the property during the pendency of the action. In such a case the plaintiff is held to be a trustee for the purchaser, and the defendant is not concerned as to any controversies as among themselves, and it is not error in such a case to refuse to allow the defendant to make proof of any such transfer after the commencement of the suit. See, in this connection, *Callaway* v. *Perkins*, 36 *Ga. App.* 798 (2) (138 S. E. 241); *Chicago Cheese Co.* v. *Smith*, 94 *Ga.* 663. While some of the cases cited in this opinion were criticized by the Supreme Court, in *Sullivan* v. *Curling*, 149 *Ga.* 96, 101 (99 S. E. 533, 5 A. L. R. 124), we do not think the criticism in any way conflicts with what we here rule, to wit, that where a plaintiff institutes an action in trover for the recovery of property to which he holds complete title, the suit does not abate by reason of an assignment for the benefit of creditors made by him during the pendency of the action, but may proceed to judgment in his name. The trial judge allowed the amendment substituting the trustees as parties plaintiff, and then on demurrer struck them, leaving the case to proceed in the name of the original plaintiff. Therefore, since we hold that the plaintiff introduced sufficient evidence to carry the case to the jury and that the suit could properly proceed in his name, we think the trial judge erred in directing a verdict in favor of the defendant.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*